## UNITED STATES *v.* WILSON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF TENNESSEE.

Argued April 15, 1886.—Decided April 26, 1886.

A bill *quia timet* to remove a cloud from a legal title cannot ordinarily be brought in the courts of the United States by one not in possession of the real estate in controversy: but when a local statute of the State authorizes a bill in equity in such case, the remedy allowed in State courts may also be enforced in Federal courts; and when a cloud upon the title to real estate prevents the enforcement of a lien at law to secure the payment of money, then the creditor may have his bill to remove the cloud.

In equity. The case is stated in the opinion of the court.

*Mr. Assistant Attorney-General Maury* for appellant.

No appearance for appellee.

Mr. JUSTICE MATTHEWS delivered the opinion of the court.

This is a bill in equity filed by the United States, June 6, 1878, to which were made defendants the widow, personal representatives, and heirs-at-law of E. L. Allen, deceased, and C. S. Wilson, the appellee, and John T. Gill.

The material allegations of the bill are, that in the year 1867 there was a firm of distillers in Lincoln County, Tennessee, under the name of Alexander & Co., of which E. L. Allen, since deceased, was a member; that the said firm

became indebted to the United States in the sum of $3057.16 for taxes and penalties, which were duly assessed on the July list for 1867; that failing to pay the same, as required by law, the proper collector of internal revenue, on January 21, 1876, issued a distress warrant for the collection of the same, which, there not being a sufficiency of goods and chattels of the firm or either of the partners, was, on January 22, 1876, levied on all the right, title, claim, and interest of the said E. L. Allen, in and to certain real estate in said county of Lincoln, particularly described in the bill; that, pursuant to law, all proper notices having been previously given, the said premises were offered for sale at the court-house door, in the town of Fayetteville, on March 25, 1876, when said lots and parcels of land were offered separately at the minimum price placed on each, and no person offering to take them or either of them at said price, the same were purchased by the United States in accordance with the statutes in such cases made and provided; that no one appearing to redeem said lands within the time provided by law, on September 29, 1877, the collector of internal revenue, then in office in said district, conveyed to the United States by deed, under and by virtue of said assessment, distress-warrant, levy, and sale, all the interest in said lands of the said Allen, of which, at the time said taxes became due and were payable, it is averred the said Allen was owner in fee, holding the legal title thereto; that notwithstanding said taxes were a lien on said lands from the time the same became due and payable, the said Allen and the said Wilson conspired and confederated to hinder, delay, and defraud the United States in the collection of said taxes, and, in pursuance of said conspiracy and confederacy, on January 14, 1876, the said Allen made a pretended sale and conveyance of said tracts of land by deed to the said Wilson; that the said deed purported on its face to be an absolute conveyance in fee, and was duly registered and recorded as such, but the same was not so in fact, there being a secret agreement between the parties thereto by which it was converted into an assignment with benefits reserved to said Allen, and was made for the purpose of hindering, delaying, and defrauding the United States in the collection of said taxes,

the said Allen being at the time insolvent, and the property conveyed being all his property subject to execution, and the conveyance to Wilson being, therefore, an assignment of all his effects by an insolvent debtor of the United States within the meaning of § 3466 of the Revised Statutes of the United States; that since this assignment and since the sale to the United States, the defendant Gill claims to have acquired an interest under Wilson in the said real estate.

The prayer of the bill is that the conveyance by Allen to Wilson be declared fraudulent and void; that the paramount lien of the United States in said land for the said taxes be adjudged and declared; that the priority of the United States be maintained and decreed, and the pretended conveyance of Allen to Wilson be removed as a cloud upon their title; an account for rents and profits, and a writ of possession to put the complainants in possession, and for general relief.

The defendants answered, denying the legality of the tax and its assessment and the regularity of the steps taken for its enforcement, and the validity of the sale and conveyance to the United States, and denying all the allegations of fraud and trust in reference to the conveyance from Allen to Wilson, insisting that the same was an absolute conveyance, made in good faith and for a valuable consideration. The case was put at issue by a replication and heard upon the pleadings and proof. The Circuit Court, finding the preponderance of evidence against the allegation of a demand of payment of the tax, penalty and interest, as required by § 3185 of the Revised Statutes, and that the title set up by the United States had failed, dismissed the bill. From this decree the United States has appealed.

Without examining the ground on which the Circuit Court proceeded, we are of opinion that the bill was rightly dismissed. The case as made by it is not one of equitable cognizance. It is not a creditor's bill. The United States do not set forth a debt due and a lien on the land of the debtor, which it seeks to subject to the payment of the debt by a sale, and to marshal the liens thereon. The debt originally due by virtue of the assessment of the tax has been merged in the tax sale and the

purchase in pursuance thereof. The United States claim, and, if the allegations of the bill can be supported by proof, own the legal title to the lands described, a title paramount to that under which the appellee claims; for the deed to the United States conveys, if it is effective, the title which Allen had when the tax was assessed in July, 1867, and operates by relation from that time. Having the legal title, then, but being kept out of possession by defendants holding adversely, the remedy of the United States is at law to recover possession. Equity in such cases has no jurisdiction, unless its aid is required to remove obstacles which prevent a successful resort to an action of ejectment, or when, after repeated actions at law, its jurisdiction is invoked to prevent a multiplicity of suits, or there are other specific equitable grounds for relief. Bills *quia timet*, such as this is, to remove a cloud from a legal title, cannot be brought by one not in possession of the real estate in controversy, because the law gives a remedy by ejectment, which is plain, adequate and complete. This is the familiar doctrine of this court. *Hipp* v. *Babin*, 19 How. 271; *Ellis* v. *Davis*, 109 U. S. 485; *Killian* v. *Ebbinghaus*, 110 U. S. 568; *Fussell* v. *Gregg*, 113 U. S. 550, 555.

The case of *Ward* v. *Chamberlain*, 2 Black, 430, 444, was one of a creditor's bill, where the complainant, having a lien on the real estate of the defendant, by virtue of a decree in admiralty, for the payment of money, was held, as in other cases of creditors by judgment or decree, to be entitled to the aid of a court of equity to remove a cloud upon the title which obstructed or prevented the enforcement at law of his lien. The jurisdiction is invoked in such cases because it is necessary to give to the complainant the benefit of his remedy at law, which, without it, is not plain, adequate and complete.

Where the local statute gives the remedy by a bill in equity to remove a cloud upon the legal title, without requiring the complainant to obtain prior possession, that remedy, it is admitted, may be administered in appropriate cases by the courts of the United States. *Holland* v. *Challen*, 110 U. S. 15; *Reynolds* v. *Crawfordsville Bank*, 112 U. S. 405; *Chapman* v. *Brewer*, 114 U. S. 158.

But there is no statute of Tennessee which gives an equitable remedy in such cases. It is true, indeed, that § 5043 of the Code of Tennessee provides that the Chancery Court "shall have and exercise concurrent jurisdiction with the Circuit Court of all civil actions triable at law, except for injuries to person, property, or character, involving unliquidated damages;" and it has been decided by the Supreme Court of that State that this gives the Chancery Court jurisdiction over an action of ejectment. *Frazier* v. *Browning*, 11 Lea, 253. But this does not efface the distinction between legal and equitable rights and remedies, and if it did, it could not confer upon the courts of the United States jurisdiction in equity to try cases at common law. *Thompson* v. *Railroad Companies*, 6 Wall. 134; *Basey* v. *Gallagher*, 20 Wall. 670.

The decree of the Circuit Court is accordingly

*Affirmed without prejudice to the right of the appellant to bring an action at law.*