### BENT v. HALL et al.

(Circuit Court of Appeals, Fifth Circuit. December 16, 1902.)

#### No. 1,180.

1. EQUITY—GROUNDS FOR RELIEF—SUFFICIENCY OF BILL.

   A bill alleged that complainant made application to the commissioner of the general land office of Texas to purchase a section of school land owned by the state, and that his application was accepted, and he made the payments required by the statute as they came due, until the treasurer refused to receive further payments; that thereafter the land commissioner attempted to cancel his contract, and awarded and attempted to sell the land to another, who conveyed his pretended right to the land to defendants. The bill prayed that defendants be required to produce any writings under which they claimed; that the same be canceled, and complainant adjudged the owner of the land; and for a writ of possession. There was no allegation with respect to the possession of the land, either past or present. *Held*, that such bill did not state a cause of action for relief in equity, since it showed neither title nor possession in complainant to support a suit to remove a cloud from his title, and afforded no basis for a decree against defendants which would be effective to give him either title or possession, or to establish and enforce his contract with the land commissioner, who was not a party to the suit.

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

This is a suit in equity brought by Joseph A. Bent against James N. Hall and wife and L. A. Fuller and wife. The averments of the bill, in substance, are as follows: "That he [plaintiff] is a citizen of the state of California, and that the defendants above complained of are each and all citizens of the state of Texas. That on the 29th of May, 1893, the state of Texas was the owner in fee simple of school section No. 26, surveyed and located under the laws of Texas, for the benefit of the public schools, by virtue of a certificate issued to the Gulf, Colorado & Santa Fé Railway Company. The said section is further described as follows: [Omitting the description of the land.] That on the said 29th of May, 1893, said section of land being isolated and detached from all other public lands belonging to the state of Texas, or any of its various funds or institutions to which lands had been appropriated or set aside, and the records of the general land office of Texas so showing it to be, your orator made application to the commissioner of the general land office of Texas to purchase said section from the state of Texas; it having been previously, in accordance with the provisions of an act of the legislature of Texas approved April 1, 1887, and the acts amendatory thereof approved April 8, 1889, and April 28, 1891, placed on the market at two dollars per acre, in forty equal annual payments; the first payment being thirty-two dollars in cash; the different payments to bear interest at the rate fixed by law. That the application to purchase said land was in due form made in good faith by him, and was accompanied with your orator's obligation to pay the said state the consideration for the said land fixed by its officers, and was accompanied by the first payment of thirty-two dollars; and said land was by said commissioner duly awarded to your orator on the 29th of May, 1893, and your orator's said money was duly received by the treasurer of the state of Texas on the same day, who issued your orator his receipt therefor. That orator paid annually, as and at the time the same became due, the principal due and interest accrued on all the principal to the state of Texas, on his said obligation, up to August 1, 1895, and offered to pay to the treasurer of the state on and previous to said day the amount of principal and interest then due or to become [due], but the said treasurer refused to accept same. That he has since regularly made a tender of all arrearages and all of the principal and interest due on his said obligation, as the same became due, to said treasurer, but they were each and all regularly refused by said treasurer. That orator is informed and believes that the commissioner of the general land office of the state of Texas unlawfully, and in violation of the plaintiff's contract with the state of Texas herein alleged, on February 12, 1895, attempted to cancel same by making an order on the books of his office and otherwise, and by notifying said state treasurer not to receive your orator's proffered payments; that the sale was canceled as erroneously made, and declared same void, and on this account the state treasurer refuses to accept the payments of your orator he offered to pay, and was by the terms of his contract required to make to the state. That subsequently, as your orator is informed and believes, the said commissioner of the general land office of Texas, conniving and colluding with one Lacour, attempted to award and did award and attempt to sell said land to him at the same price and on the same terms as your orator had previously bought same; that such attempted sale was void, and made by said commissioner in direct violation of the law. Orator says that the said Lacour, so he is informed and believes, has conveyed and transferred to the said defendants, or to some one or more of them, for the benefit of all of them, his pretended rights so acquired from the state, in fraud of and disregard of the rights of your orator, and that they, the said defendants, are openly asserting some interest in and to said land, and have frequently claimed to be the owners thereof, and are now depriving your orator of the use, benefits, and revenues and possession of same, to all which he is entitled, and have by their said acts, and the aid and assistance of the said state officers, cast a cloud on his title, and prevented your orator from selling, using, or enjoying same in any way; that your orator made the purchase of said tract of land from the state in good faith, believing that he would get title thereto from the state, and executed his obligation as required by law for the deferred payments, and has always been ready, willing, and able to perform same according to its terms, and still

is; that on or about the 15th day of April, 1895, he offered to pay to the state treasurer the full amount of principal and accrued interest for said land, or any other reasonable act or thing required of him to get a patent to said land, all of which was refused by said treasurer of Texas and commissioner of the general land office of Texas. Your orator further alleges that the said commissioner of the general land office has signified his willingness to reinstate your orator as a lawful purchaser of said land, should the said cloud from his title thereto be removed by a decree of some court of competent jurisdiction in a suit against the defendants hereto; that said tract of land is now of the value of $12,800. [Omitting prayer for process.] Orator further prays that said defendants may be required to produce such writings, or certified copies thereof, from lawful custodian thereof, or all such originals on which they base their title or claim to said land, and that each and all of such instruments be decreed null and void, and that the same be annulled according to the practice in the courts of equity in like cases, and to stand, perform, and abide by such order, direction, and decree as may be made against them in the premises, as shall be meet and agreeable to equity; that he be adjudged the owner of said land; for a writ of possession and for general relief." The defendants pleaded the statute of limitations of four years and of three years. The court sustained these pleas. The plaintiff declined to amend the bill, and the court thereupon entered a decree that the bill "be, and is hereby, dismissed absolutely." It is assigned here that the court erred in dismissing the bill.

Alex. Bullitt (Rowe & Rowe and Lanier, Bullitt & Wilson, on the brief), for appellant.

Presley K. Ewing (Henry F. Ring and C. F. Stevens, on the brief), for appellee.

Before PARDEE and SHELBY, Circuit Judges, and BOARMAN, District Judge.

SHELBY, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Without examining the ground on which the circuit court proceeded, we are of opinion that the bill was rightly dismissed. The land in question was the property of the state of Texas. The plaintiff proposed to buy it. His application was accepted, and he made a small payment on the purchase money. He never obtained any patent or other conveyance of title. Subsequently the commissioner of the general land office of Texas "attempted to cancel" the contract with plaintiff, and "attempted to award and did award and attempt to sell" the same land to one Lacour. Lacour has conveyed his "pretended right" or claim to the defendants. The plaintiff, having stated these facts in his bill, prays that the defendants may be required to produce such writings, or certified copies thereof, from lawful custodian thereof, or such originals on which they base their title or claim to said land, and that the same be canceled, and that he (plaintiff) be adjudged the owner of said land, and for a writ of possession. It does not appear from the bill that the plaintiff is now, or ever was, in possession of the land; nor is it shown that the defendant is in possession, or ever was in possession, of the land. There is a prayer for a writ of possession, but it does not appear who is to be ousted from possession. No one is shown to be in actual possession. There is nothing alleged to prevent the plaintiff from taking actual possession as against the defendants. The legal title to the land appears from the bill to be in the state of Texas, but we are not advised by the bill as to any actual possession,

past or present. On these averments, the question arises, what is the court asked to do that it can do? It is asked for a writ of possession, but, conceding that such writ may issue in a case where equity has jurisdiction, it is not shown that any one of the defendants is holding possession. It is not shown that any one is holding possession against the plaintiff. The plaintiff prays the court to adjudge him "the owner of said land," but the bill does not show the plaintiff to be the owner in the sense of having the legal title, nor that he has a complete equity, in the sense that he has paid the whole of the purchase money. We cannot hold the bill to be one for specific performance, because, whatever rights the plaintiff may have, on the averments of the bill, against the state of Texas, he shows no right to specific performance of any contract with the defendants. No contract of plaintiff with them is alleged. If an owner of land make a valid contract to convey it to one purchaser, and subsequently another contract to convey to another purchaser, the first purchaser may maintain a bill for specific performance against the owner, making the second purchaser also a defendant; and he may obtain not only a specific performance of the first contract of sale, but a cancellation of the second contract of sale. But we have no such case here.

Unless the bill can be sustained as one to remove cloud from the plaintiff's title, it certainly has no equity. Looking at it as a bill to remove cloud from the title, the prayer is that the defendants be required to produce their title or claim, that the same may be canceled. The only paper they are shown to have is the conveyance or transfer from Lacour. If that paper were produced and canceled, what good would it do the plaintiff? It would give him neither possession nor title. It would not change his contractual relations with the Texas land commissioner. The decree would be ineffectual. If it prevented Lacour's vendees from completing their purchase of the land by making the deferred payments, it would not secure the land for the plaintiff, nor in any way enforce his alleged agreement with the Texas land commissioner. It would not revive his contract, if legally canceled; nor would it settle its validity before cancellation, as against the land commissioner. The plaintiff seems to appreciate this difficulty, and, to avoid it, he alleges that the commissioner of the general land office has "signified his willingness to reinstate your orator as a lawful purchaser of said land, should the said cloud from his title thereto be removed by a decree of some court of competent jurisdiction in a suit against the de´   ⌐⌐⌐ts nereto." The effect of the decree that the court would render would depend on the willingness or unwillingness of the land commissioner to reinstate the plaintiff as purchaser. If he did not consent to abide by the decree, it would not bind him. It is clear that, if the plaintiff cannot enforce the specific performance of his original contract against the commissioner (a question not before this court), he could not enforce the commissioner's agreement about the effect that he would be willing to give the decree. Under the jurisdiction and practice in equity, independently of statute, a bill to remove cloud on title, which avers no facts conferring the right to other equitable relief, must show that the plaintiff has the legal title to the land, and that he is in possession. The bill "cannot be maintained without clear

proof of both possession and legal title in the plaintiff." If plaintiff's title is legal, and he is out of possession, his remedy is at law, by ejectment. If his title is equitable, and not such title as will support ejectment, he must acquire the legal title and bring ejectment. Frost v. Spitley, 121 U. S. 552, 556, 7 Sup. Ct. 1129, 30 L. Ed. 1010; U. S. v. Wilson, 118 U. S. 86, 89, 6 Sup. Ct. 991, 30 L. Ed. 110; Herrington v. Williams, 31 Tex. 448, 460; Chinn v. Taylor, 64 Tex. 385, 390.

The decree of the circuit court will be amended so as to make the dismissal of the plaintiff's bill without prejudice, and, as so amended, it is affirmed.