### SUBIRANA et al. v. KRAMER.

(Circuit Court of Appeals, First Circuit, March 5, 1927.)

No. 2008.

1. **Courts ⚖=329(2)—Bill not showing jurisdictional amount or containing allegation showing ability to amend to allege such amount should be dismissed.**

Where bill does not allege amount involved in suit exceeded $3,000, nor does either bill or affidavit contain allegations showing plaintiffs were in position to amend bill and allege jurisdictional amount, District Court should have dismissed bill for want of federal jurisdiction.

2. **Quieting title ⚖=12(1)—In absence of local statutes, bill to remove cloud on title can be brought only by those having title connected with possession.**

Only those having a clear, legal, and equitable title to land connected with possession have any right to claim interference of court of equity to give them peace or dissipate a cloud on title, in absence of local statute giving such right.

3. **Quieting title ⚖=35(1)—Bill to remove cloud on real estate should allege plaintiffs are in possession and a title established by trial at law.**

A bill to remove cloud on real estate should allege, not only that plaintiffs are in possession, but that their title has been established by at least one successful trial at law.

4. **Equity ⚖=17—Equity will not adjudicate conflicting titles to real estate.**

It is not the jurisdiction of equity to adjudicate conflicting titles of parties to real estate.

Appeal from the District Court of Porto Rico; Wells, Judge.

Suit by Tomas Subirana and others against William P. Kramer, Chief of Insular Forestal Service. Decree dismissing the bill, and plaintiffs appeal. Affirmed.

Jorge V. Dominguez, of San Juan, Porto Rico (Cay, Coll y Cuchi, of San Juan, Porto Rico, and R. Hernandez-Usera, of New York City, on the brief), for appellants.

William C. Rigby and Russell H. Brennan, both of Washington, D. C. (George C. Butte and J. A. Lopez Acosta, both of San Juan, Porto Rico, on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a decree of the federal District Court of Porto Rico dismissing plaintiff's bill.

The bill reads as follows:

"(1) That they are subjects of the King of Spain by birth and marriage, respectively, and are residents of the city of New York, state of New York, and the defendant is a citizen of the United States and a resident of this district.

"(2) That the complainants are the owners in fee of the following estates:

"'A. Rutsic: Farm named "Mata Redonda," situated in the ward of Sabana Abajo, municipality of Carolina, composed of 304 acres of land, equivalent to 119 hectares 74 ares 29 centiares and 87 tenths; bounded on the north by the canal of the lagoon Torrecillas and the lagoon Quinones; on the south with a farm named "San Justo," from which it is separated by a road called "Mata Redonda"; on the east by the said farm "San Justo" and a road that goes to the Quinones lagoon; and on the west by lands of don Gaspar Barriola and don Nicasio Arzuaga.'

"'B. Farm named "San Justo," situated in the ward of Hoyo Mulas, municipality of Carolina, composed of 1,048 acres and 41 hundredths, equivalent to 412 hectares 76 ares and one centiares and 12 decimeters; bounded by the north with the sea and the Quinones lagoon; with the farm named "Mata Redonda" and the lands of don Nicasio Arzuaga and don Gaspar Barriola, Carolina Sugar Company, Sucesion Bultron, and Marcos Tomas Caneja; on the south by lands of the farm "Mercedes" of don Gasper Barriola, don Francisco and Pedro A. Arzuaga, Sucesion Chevremont, Sucesion Vizcarrondo, don Manuel S. Barriola, don Jose R. Eugui and Sucesion Andino; on the east with lands of Loiza Sugar Company and the road from the ward of Hoyo Mulas to the Quinones lagoon; and on the west with the canal "De los Cebalos," lands of Juan Guzman Benitez and the road to Hoyo Mulas.'

"(3) That the aforesaid lands are at present under a lease in the possession of the Loi-

za Sugar Company, a corporation organized under the laws of Porto Rico and doing business in this island; and the complainants are, by the laws of Porto Rico, bound to keep their lessee in the quiet and pacific possession and enjoyment of the said premises.

"(4) That the defendant, William P. Kramer, personally and by his agents and employees, has violently and forcefully broken into the said premises, destroying fences, cutting down trees, and taking away timber, illegally and without any title or right to his said actions, and doing other considerable damage of the same nature and form; and the said defendant is threatening to continue with the said trespassing upon the said property indefinitely and forever, under the pretext and assertion that the said lands are under his jurisdiction and administration and custody by virtue of his official position of Chief of the Insular Forestal Service of Porto Rico.

"(5) And the complainants furthermore allege that such claim is wholly unfounded and invalid in law or equity, because the said properties are of the sole ownership of the complainants, and the said defendant is not warranted to trespass upon them under color of any official authority whatsoever, and that the assertion as aforesaid depreciates the value of the said property and otherwise harasses and annoys it in its possession and ownership; that the claim of said defendant is without any right whatever, and said defendant has no estate, right, title, or interest whatever in said lands or premises, or any part thereof, neither personally nor by virtue of his official position; that the claim of said defendant operates as, and is a cloud upon, the title of the complainants to said lands and premises, and causes the complainants irreparable injury; and the defendant threatens to continue and does continue to set up and claim said title to said lands and premises adverse to these complainants and trespassing upon the said lands as aforesaid.

"And complainants allege that they have no proper and adequate remedy at law, and that the injuries and damages suffered, and for which they bring this bill of complaint, cannot be ascertained and fixed in money, or their pecuniary value in any way estimated; their only remedy being in a court of equity.

"Whereupon the complainants pray that the defendant may be required to answer and to set forth the grounds and nature of his claims and pretensions, and that this court may determine each of them, and that it may be adjudged that they are unfounded in law and equity, and that the complainants are the owners of said premises and entitled to their possessions; and that a writ of injunction shall issue from this court directing the said defendant, both as individual and in his official capacity, and to all others combining, conspiring, agreeing, and arranging with him to interfere with the enjoyment of the full and specific possession of the said premises by the complainants, or in any way, form, or manner, trespassing upon the said premises, and that, pending the final decision of this cause, the defendant and all persons under his authority, be enjoined pendente lite from entering the said premises, and in any way, form, or manner, interfering with the possession thereof by the complainants or the complainants' lessee; and the complainants furthermore pray that a subpœna issue directed to the said defendant, commanding him to appear and true answer make to each and every one of the matters and things hereinbefore set forth, but not under oath, an oath being hereby expressly waived; and the complainants further pray for such other and further relief as to the court may seem just and proper under the circumstances and allegations of the complaint.

"San Juan, Porto Rico, November 13, 1925."

In the District Court, the defendant moved to dismiss the bill on the following grounds:

"(1) Because this court has no jurisdiction to hear and determine this petition for injunction, for the reason that the amount involved in this suit does not exceed $3,000, or any other sum.

"(2) Because, as it appears from the complaint, the Loiza Sugar Company is a necessary party, and has not been joined as a plaintiff.

"(3) Because, as appears from the face of the complaint, the defendant, William P. Kramer, is an official of the people of Porto Rico, and, from the statements of paragraphs 4 and 5 of the complaint, the people of Porto Rico are necessary parties, and, from the facts alleged, it does not appear that permission has been granted by law to bring this suit against the people of Porto Rico.

"(4) That the facts set forth in the complaint are insufficient to constitute a good cause of action in equity:

"(a) Because the complaint does not state the dates on which the acts alleged to have been committed by the defendant occurred.

"(b) Because, as it appears from the facts of the complaint, the title of the land is put in issue, and an injunction is not the proper remedy to determine a controversy as to the title of property.

"(5) Because complainant has an adequate and sufficient remedy at law."

The District Court dismissed the bill upon the grounds: (1) That the Loiza Sugar Company was a necessary party and had not been joined; (2) that the action was to determine the ownership of land; that it was not against the defendant personally, but as an official of the people of Porto Rico; that he had no individual interest in the land, but was a mere employee of the government; and that in truth and in fact the action was against the government of Porto Rico, which alone was interested; (3) that the facts alleged were not sufficient to constitute a good cause of action in equity; and (4) that the plaintiffs had an adequate remedy at law.

The plaintiffs have reduced their assignments of error to three points, and complain that the court erred: (1) In finding that the Loiza Sugar Company was a necessary party; (2) in finding that this was not an action against the defendant as an individual, but as an official of the people of Porto Rico, and to determine the ownership of lands and that the people of Porto Rico were the real parties in interest; and (3) in ruling that the defendant was not entitled to relief in equity.

[1] We are met at the outset with the objection taken in the defendant's motion and not passed upon by the court below; that the District Court was without jurisdiction because it was not alleged in the bill that the amount involved exceeded $3,000. It will be noted that, while the bill alleges diversity of citizenship, it contains no allegation as to the amount in controversy and upon which the jurisdiction of the District Court depends; also that, notwithstanding this objection was taken, no application to amend the bill in this particular was asked for or obtained. It was essential that the plaintiffs should have alleged in their bill that the amount involved in the suit exceeded $3,000, exclusive of interest and costs. It is true that the plaintiffs filed an affidavit stating that the land described in their bill was of the value of $150,000, but it is not even there stated that a sum in excess of $3,000, interest and costs, is in controversy or that the controversy involves the whole or any portion of the land set out in the bill. Moreover, the position taken by the plaintiffs, in the second point of their brief, is that there is no title to or ownership of land in dispute; that the only question at issue is whether the defendant, as an individual, has wrongfully interfered with the complainants' lands—that is, whether he has trespassed upon them. If this contention is true, and according to the allegations of the bill it would seem to be,

the amount in controversy would be the damage which the defendant has occasioned the plaintiffs by trespassing upon their lands, if, as alleged, he should be shown to have trespassed upon them. There is, therefore, nothing alleged in the bill or stated in the affidavit showing that the plaintiffs are in a position to amend their bill and allege the necessary jurisdictional amount. The District Court should have passed upon this question and dismissed the bill for want of federal jurisdiction.

[2] This disposes of the case, but it may not be amiss to say that the court below did not err in dismissing the bill for want of equity jurisdiction. While the bill purports to be one to remove a cloud upon the plaintiffs' title, it does not allege facts sufficient to give them a right to the interference of a court of equity. It is well established in the federal courts that "those only who have a clear, legal, and equitable title to land connected with possession, have any right to claim the interference of a court of equity to give them peace or dissipate a cloud on the title." Orton v. Smith, 18 How. 263, 265 (15 L. Ed. 393). It appears from the bill that the plaintiffs are not in possession, and, under the federal practice in the absence of a local statute giving the right, a bill to remove a cloud from a legal title cannot be brought by one not in possession of the land. We know of no statute or provision of the Code of Porto Rico which gives the remedy to a complainant not in possession, as is the case in some of our states. United States v. Wilson, 118 U. S. 86, 88, 6 S. Ct. 991, 30 L. Ed. 110; Frost v. Spitley, 121 U. S. 552, 556, 7 S. Ct. 1129, 30 L. Ed. 1010.

[3] Then again a bill quia timet, or to remove a cloud upon real estate, should allege not only that the plaintiffs are in possession, but that their title has been established by at least one successful trial at law. Boston, etc., Mining Co. v. Montana Ore Co., 188 U. S. 632, 641, 23 S. Ct. 434, 47 L. Ed. 626; Holland v. Challen, 110 U. S. 15, 20, 3 S. Ct. 495, 28 L. Ed. 52. The plaintiffs' bill contains no such allegation.

[4] Furthermore, it is not the jurisdiction of equity to adjudicate upon the conflicting titles of parties to real estate—that is for the law court; and one who brings a bill in equity to remove a cloud upon his title must not only set out facts showing that he has a clear legal title, but also set out the pretended title or right of the defendant claimed to be a cloud upon his title, that it is clearly invalid and such as may, at the present or a future time, embarrass him in controverting it. Phelps

v. Harris, 101 U. S. 370, 374, 375, 25 L. Ed. 855; 3 Pomeroy's Equity, § 1399. This bill does not allege that the defendant owns or claims to own any title or right that casts a cloud on the plaintiffs' title. On the contrary, the implication of the bill and the contention of the plaintiffs in their brief is that he does not own or claim any title to or right in the lands in controversy, but that, in committing the acts of trespass complained of, he pretends to have acted in pursuance of the authority and right of another, not a party to this proceeding. The bill undoubtedly alleges a cause of action at law for trespass, but no ground for the interposition of a court of equity.

The decree of the District Court is affirmed, with costs to the appellee in this court.