### SELF v. PRAIRIE OIL & GAS CO.

Circuit Court of Appeals, Eighth Circuit.
May 2, 1927.

No. 7304.

1. **Quieting title ⬤⟲12(1), 29—Suit in equity to remove cloud may be maintained at any time by one in possession, and is not barred by limitations; but, if not in possession, remedy is at law.**

Suit to remove lease as cloud on title may be maintained in equity court at any time by one in possession of realty involved, and is not barred by statute of limitations; but, if plaintiff is not in possession, his remedy is at law by action of ejectment and for damages.

2. **Courts ⬤⟲342—Allegations of fraud in bill to remove cloud on title do not make otherwise legal action equitable.**

Allegations of fraud in bill to remove lease as cloud on title do not make action, otherwise legal, equitable.

3. **Cancellation of instruments ⬤⟲10—If there is adequate legal remedy, equity will not cancel instrument for fraud.**

If there is a complete adequate remedy at law, a court of equity will not intervene to decree a rescission and cancellation of an instrument for fraud.

4. **Quieting title ⬤⟲12(1)—To obtain cancellation of deed or lease as cloud on title, plaintiff must be in possession.**

Ordinarily, in order for complainant to obtain cancellation of a deed or lease as a cloud on title, he must be in possession of the land.

5. **Quieting title ⬤⟲12(1)—Suit to remove oil and gas lease as cloud on title of Creek Indian, not in possession, held not maintainable in equity.**

Suit to cancel oil and gas lease as cloud on title of Creek Indian, not in possession, and involving question of right to recover for oil extracted from land by defendant, *held* not maintainable in equity.

Appeal from the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Suit by William Buck Self against the Prairie Oil & Gas Company. Decree for defendant, dismissing libel for want of equity, and plaintiff appeals. Reversed and remanded, with directions.

L. O. Lytle, of Sapulpa, Okl. (W. N. Dannenburg and Charles B. Rogers, both of Tulsa, Okl., on the brief), for appellant.

A. A. Davidson, of Independence, Kan.

19 F.(2d)—31

(T. J. Flannelly and Paul B. Mason, both of Independence, Kan., and Preston C. West, Nathan A. Gibson, Roger S. Sherman, and Joseph L. Hull, all of Tulsa, Okl., on the brief), for appellee.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and JOHN B. SANBORN, District Judge.

JOHN B. SANBORN, District Judge. The appellant was the plaintiff in the court below, and the appellee was the defendant. The suit was in equity. The plaintiff in his bill, aside from the jurisdictional facts, alleges that he is a Creek Indian, shown by the rolls to have been seven years of age on August 25, 1899; that there was allotted to him, of the lands of the Creek Nation, the south half of the northeast quarter and the north half of the southeast quarter of section 21, township 17 north, range 12 east; that ever since the allotment of these lands to him he has been in the open, notorious, and exclusive possession thereof; that while he was a minor, on October 17, 1911, the defendant caused him to make and deliver to it an oil and gas lease covering this land, which was affirmed on November 10, 1911, and which was recorded; that he was then under guardianship; that on April 12, 1912, the county court of Creek county, without any application being made by his guardian and without any jurisdiction, required the guardian to attest this lease; that, when the lease was made, the land had been fully drilled for oil and gas; that the defendant knew its value; that the plaintiff did not; that the defendant did not disclose it to him; that the consideration paid by the defendant for the lease was grossly inadequate; that the plaintiff was over-reached and defrauded in connection with the making of the lease; that his guardian was subsidized by the defendant to keep him away from persons who had knowledge of the value of the leasehold; that on October 17, 1911, the defendant induced him to sell to it, without consideration, personal property, consisting of casing in the ground, of the value of $10,000; that the lease was void, should be delivered up and canceled, and held for naught; that the defendant has taken oil and gas from these lands of the value of more than $500,000; that the plaintiff received, as consideration for the lease, $60,000, which he tenders into court for the defendant; that the defendant should account for $440,000, less the expense of operating the wells; "that the possession of the leased premises is and has been illegal and unlawful since the 9th

day of November, 1911, and your plaintiff is entitled to have his title quieted as against any right, title, interest, or claim of the Prairie Oil & Gas Company; that your plaintiff is entitled to a full accounting as above set forth; that the muniments of title, if in him, by the said Prairie Oil & Gas Company, should be delivered up, canceled, and held for naught." The plaintiff then prays that he be determined to be the fee simple owner of the lands, that the title thereto be quieted in him, that the cloud upon his title, consisting of the recorded lease, be removed, that he have an accounting, and such other relief as he may be entitled to.

In its answer, the defendant admits the allotment to the plaintiff of the lands in question, admits the execution of the lease referred to in the complaint, and that the plaintiff was then under guardianship, but denies that the guardian was required to attest the lease over his protest. It alleges that on June 25, 1906, the plaintiff, by his guardian, leased these lands to the defendant with the approval of the United States Court in the Indian Territory and of the Secretary of the Interior, and that the defendant, pursuant to that lease, entered upon these lands and developed and operated them for oil and gas production purposes; that, under the rules and regulations of the Secretary of the Interior, the lease of October 17, 1911, was a valid extension of the original lease, granted upon payment of $65,000 to the plaintiff; that upon the signing of the lease and the ratification thereof on November 10, 1911, the defendant continued in the possession of the lands and continued to operate them for oil and gas and has paid the one-eighth royalty stipulated in the lease. The defendant also alleges that the lease was approved by the county court of Creek county and the guardian authorized to execute it, and that he did sign and execute it; that the defendant has been in possession of the lands for more than 11 years prior to the institution of this suit and has operated them for oil and gas with the knowledge and consent of the plaintiff, has paid the royalties, which the plaintiff has accepted, and that the plaintiff has adopted the lease. The defendant denies any fraud or over-reaching or that it bought any personal property from the plaintiff. It also alleges that the consideration paid for the lease was adequate and all that the lease was worth, and that the question of fraud is res judicata by virtue of the proceedings of the county court of Creek county; that the plaintiff is guilty of laches, in that he has known of the occupancy by

the defendant of his lands, has acquiesced in it, and taken the benefits under the lease; that on April 22, 1914, after reaching his majority, the plaintiff executed a lease to the defendant of the surface of these lands for $150 a year in connection with the operation thereof; that he also gave to the defendant a written agreement on December 6, 1913, after he had reached his majority, reciting that the defendant was the owner of an oil and gas lease upon these premises, and permitting it to save the casing-head gas, of which he was to have one-eighth; that on November 11, 1911, he deeded the property to his mother, Florence Walker, who claims to own the lands; that all of the plaintiff's claims are barred by the statutes of limitation of the state of Oklahoma.

The case came on for trial. The plaintiff did not appear. Two witnesses testified; Harry M. Walker, stepfather of the plaintiff and his former guardian, and Florence Walker, his mother. It is not necessary to set forth the testimony. It dealt almost entirely with the circumstances which surrounded the execution of the lease in question, and which it is claimed indicated fraud. There was no testimony to the effect that the plaintiff was at any time in possession of the lands which were allotted to him, and no testimony as to the inadequacy of the consideration paid for the lease or for the oil and gas taken by the defendant. There was evidence that Florence Walker had received a deed from her son, but claimed no title to the lands; that she had received the royalties, and paid them over to the plaintiff up to the time of the trial. At the close of the testimony, the court dismissed the case for want of equity. The correctness of his action in so doing is challenged by this appeal.

[1] The first question which suggests itself is whether the suit can be maintained as an action in equity. If the allegation of the complaint was true that the plaintiff was at all times in possession of the land and that there was an invalid lease of record outstanding, which constituted a cloud upon his title, the suit would not be barred. In the case of Dosar v. Hummell, 89 Okl. 152, 214 P. 718, the court said: "An action to quiet title, where the plaintiff has been in continuous possession of the property, claiming ownership therein, can be maintained at any time, and no statute of limitation bars his right to the relief sought." See, also, Warner v. Mason, 109 Okl. 13, 234 P. 747; Cooper v. Rhea, 82 Kan. 109, 107 P. 799, 29 L. R. A. (N. S.) 930, 136 Am. St. Rep. 100, 20 Ann. Cas. 42. The evidence is silent, however, as to who was in possession of the lands leased

to the defendant, and that was one of the issues in this case. The complaint alleged it, but the plaintiff failed to prove it. If the plaintiff had possession, he had a right to maintain a suit in equity to remove this lease as a cloud upon his title, but if he had no possession, he did not have that right and his remedy was at law by an action of ejectment and for damages.

In the case of Frost v. Spitley, 121 U. S. 552, 556, 7 S. Ct. 1129, 1131 (30 L. Ed. 1010) the court said: "Under the jurisdiction and practice in equity, independently of statute, the object of a bill to remove a cloud upon title, and to quiet the possession of real estate, is to protect the owner of the legal title from being disturbed in his possession, or harassed by suits in regard to that title; and the bill cannot be maintained without clear proof of both possession and legal title in the plaintiff. Alexander v. Pendleton, 8 Cranch, 462 [3 L. Ed. 624]; Piersoll v. Elliott, 6 Pet. 95 [8 L. Ed. 332]; Orton v. Smith, 18 How. 263 [15 L. Ed. 393]; Crews v. Burcham, 1 Black, 352 [17 L. Ed. 91]; Ward v. Chamberlain, 2 Black, 430, [17 L. Ed. 319]. As observed by Mr. Justice Grier in Orton v. Smith: 'Those only who have a clear legal and equitable title to land, connected with possession, have any right to claim the interference of a court of equity to give them peace or dissipate a cloud on the title.' 18 How. 265 [15 L. Ed. 393]. A person out of possession cannot maintain such a bill, whether his title is legal or equitable; for, if his title is legal, his remedy at law, by action of ejectment, is plain, adequate, and complete, and, if his title is equitable, he must acquire the legal title, and then bring ejectment. United States v. Wilson, 118 U. S. 86 [6 S. Ct. 991, 30 L. Ed. 110]; Fussell v. Gregg, 113 U. S. 550 [5 S. Ct. 631, 28 L. Ed. 993]."

In the case of Whitehead v. Shattuck, 138 U. S. 146, 11 S. Ct. 276, 34 L. Ed. 873, which was an action to quiet title to lands in the state of Iowa, a decree was entered quieting the complainant's title and declaring the deed complained of in the bill of complaint to be void. Mr. Justice Field said: "The facts set forth in the bill of the plaintiff clearly show that he has a plain, adequate, and complete remedy at law for the injuries of which he complains. He alleges that he is the owner in fee, as trustee, of certain described lands in Iowa, and his injuries consist in this: That the defendants are in the possession and enjoyment of the property, claiming title under certain documents purporting to transfer the same, which are fraudulent and void. If the owner in fee of the premises, he can establish that fact in an action at law; and if the evidences of the defendants' asserted title are fraudulent and void, that fact he can also show. There is no occasion for resort to a court of equity, either to establish his right to the land or to put him in possession thereof."

In the case of Twist v. Prairie Oil & Gas Co., 6 F.(2d) 347, this court held that a suit to remove a cloud on a title cannot be maintained in a federal court by a complainant out of possession, even if it is maintainable in a state court. In the later case of Denison et al. v. Keck et al., 13 F.(2d) 384 (also in this circuit), it was held that a federal court of equity cannot be given jurisdiction of a suit to quiet title and recover possession of real estate, by a complainant out of possession against a defendant in possession, by joining a suit against a mortgagee of the defendant for cancellation of his mortgage, which relief is incidental to and dependent on the establishing of the complainant's title at law, and that, the jurisdiction of a federal court of equity being expressly excluded where an adequate legal remedy is obvious, it is the duty of the trial court or of an appellate court to raise the objection sua sponte, and require the case to be transferred to the law side of the court.

Upon the question of the right of the court to raise the objection, which is fully discussed in the case just referred to, the following language in the case of Singer Sewing Machine Co. v. Benedict, 229 U. S. 481, 33 S. Ct. 942, 57 L. Ed. 1288, is pertinent: "Where it is obvious that there is a remedy at law, it is the duty of the court to interpose that objection sua sponte to a suit in equity."

In Wright v. Ellison, 1 Wall. 16, 22 (17 L. Ed. 555), it was said: "This is a suit in equity. The rules of equity are as fixed as those of law, and this court can no more depart from the former than the latter. Unless the complainant has shown a right to relief in equity, however clear his rights at law, he can have no redress in this proceeding. In such cases, the adverse party has a constitutional right to a trial by jury. The objection is one, which though not raised by the pleadings nor suggested by counsel, this court is bound to recognize and enforce."

[2] It may be argued, however, that the allegations of fraud contained in the bill make this an equitable proceeding. That is answered by the cases of Whitehead v. Shattuck, supra; Buzard v. Houston, 119 U. S. 347, 7 S. Ct. 249, 30 L. Ed. 451; Ambler v.

Choteau, 107 U. S. 586, 1 S. Ct. 556, 27 L. Ed. 322; Safford v. Ensign Mfg. Co. (C. C. A.) 120 F. 480; United States v. Bitter Root Co., 200 U. S. 451, 472, 26 S. Ct. 318, 50 L. Ed. 550.

While the evidence fails to show in whose possession these lands were, the brief of the appellant concedes that the defendant has had possession of them. Quoting from the brief: "Here is a case where the appellee went into possession under a valid lease made in 1906 and which expired in 1911. It still remained in possession under a void lease made by the minor Indian boy, and still retains possession under said lease." And again: "But here it had possession and under the void lease continued its possession down to this hour, and its possession is inseparably related to the void lease." Furthermore the appellant says: "It being established that this is an action for the recovery of an interest in real estate, and for an accounting of oil taken therefrom, the 15-year statute of the state of Oklahoma is the only one that could possibly be invoked, even though it might be under the law. The only statute of limitation barring an action under the state law for the recovery of an interest in land, is section 183 of Compiled Oklahoma Statutes, 1921." What the appellant refers to is the fourth subdivision of section 183 of the laws referred to (Comp. St. Okl. 1921), which provides a 15-year limitation relative to actions for the recovery of real property.

Quoting once more from Whitehead v. Shattuck, supra: "It would be difficult, and perhaps impossible, to state any general rule which would determine, in all cases, what should be deemed a suit in equity as distinguished from an action at law, for particular elements may enter into consideration which would take the matter from one court to the other; but this may be said, that, where an action is simply for the recovery and possession of specific real or personal property, or for the recovery of a money judgment, the action is one at law. An action for the recovery of real property, including damages for withholding it, has always been of that class. The right which in this case the plaintiff wishes to assert is his title to certain real property; the remedy which he wishes to obtain is its possession and enjoyment; and in a contest over the title both parties have a constitutional right to call for a jury." See, also, Denison v. Keck, supra; Naylor et al. v. Foreman-Blades Lumber Co. (D. C.) 230 F. 658; Hipp v. Babin, 19 How. 271, 15 L. Ed. 633;

United States v. Wilson, 118 U. S. 86, 6 S. Ct. 991, 30 L. Ed. 110; Stuart et al. v. Union Pac. R. Co. (C. C. A.) 178 F. 753, 756; Childs v. Missouri, K. & T. Ry. Co. (C. C. A.) 221 F. 219; Scott v. First Nat. Bank of Morris (C. C. A.) 285 F. 832; Twist v. Prairie Oil & Gas Co., supra; Frost v. Spitley, supra.

There is nothing to indicate that the plaintiff, if he prevailed, could not recover, by way of damages for the withholding of his lands, all that he might receive, by way of an accounting, in equity.

[3, 4] Nor does the fact that the plaintiff asks for a cancellation of a lease make this a suit in equity. "If there is a complete and adequate remedy at law, a court of equity will not intervene to decree a rescission and cancellation of an instrument for fraud." 9 C. J. p. 1172. "Ordinarily, in order for complainant to obtain the cancellation of a deed as a cloud on title, he must be in possession of the land conveyed by the deed." 9 C. J. p. 1190. This would apply also to a lease, which is a transfer of a lesser estate.

[5] It is obvious that the real controversy in this case revolves around the right to possession of the real estate, which involves the question of the right to recover for the oil extracted therefrom by the defendant. The other questions are incidental. The plaintiff, who is not in possession, is attempting, in an equitable action, to remove an alleged cloud from his title and to quiet title as against the defendant, who is in possession. The court below, as a court of equity, had no jurisdiction to try the case and should have dismissed it for that reason, but not for want of equity.

The decree of the trial court will be set aside, and the case remanded, with instructions to enter an order dismissing it for want of jurisdiction.