**GERARD et al. v. MERCER et al.**
No. 525.

District Court, D. Montana.
June 7, 1945.

S. J. Rigney, of Cut Bank, Mont., for plaintiffs.

J. N. Thelen and George E. Hurd, both of Great Falls, Mont., for John N. Thelen et ux. and another.

Lloyd A. Murrills, of Cut Bank, Mont., for Sherburne Mercantile Co.

Wilbur P. Werner and John J. Greene, both of Cut Bank, Mont., and Louis P. Donovan, of Shelby, Mont., for Glacier County, Mont.

Murch & Wuerthner, of Great Falls, Mont., for E. J. Lander Co.

H. C. Hall, of Great Falls, Mont., for W. H. Mercer et ux.

PRAY, District Judge.

Motions to dismiss the complaint in the above entitled cause on the part of the several defendants therein named are now before the Court for consideration, on briefs submitted by counsel for the respective parties.

Serious questions have been raised and ably presented by counsel for both sides, requiring examination by the Court of many statutes and authorities to determine the merits of the several objections to the sufficiency of the complaint to state a claim upon which relief can be granted. Cases embracing similar problems have come before the courts on other occasions but none before this Court wherein the complaint has been subjected to a more searching analysis than in the present instance. While two of the motions rest upon different grounds than the others the ultimate object of all is to accomplish the dismissal of the complaint.

■ This action is apparently one to quiet title to the several tracts of land described in the complaint, situated on the Blackfeet Indian Reservation, in Montana, for which claims of ownership are asserted by the complainants. The joinder of parties complainant and defendant is allowed under conditions set forth in Rule 20 of the Rules of Civil Procedure in federal court, 28 U.S.C.A. following section 723c. To permit a joinder of this nature, the subject matter of the complaint must relate to the same transaction and the questions raised must be in common to all plaintiffs and all defendants, as provided by the rule.

■ Counsel for defendants contend that the allegations of the complaint are not within the rule, and from a plain reading of the complaint in connection with the requirements of the rule, there seems to be merit in the claim of non-compliance. Title is asserted by the complainants to ten different tracts of land, and questions will necessarily arise as to the validity of the different fee patents issued; whether application was made therefor, whether consent was given to issuance thereof, or whether there was a finding of competency

in respect to the patentee. Some of the defendants may have received conveyances from the complainants directly or through the medium of tax deeds, others perhaps through mortgage foreclosures, and the validity of all such transactions will no doubt be brought into question; and there is no information in the complaint concerning the parties defendant and their relation to the particular tracts of land involved. How it would be possible for the defendants to answer such allegations is not at all clear. In other words, what transactions took place between which complainants and which defendants concerning which particular tract or tracts; followed by the general inquiry, upon what common ground can the defendants intelligently answer the complaint; does it appear from the allegations thereof that any question of law or fact common to all of them will arise in the answer.

■ The court has considered the interpretation of Rule 20 by complainants and the case cited in support of their position, Hopper v. Lennen & Mitchell, D.C., 52 F. Supp. 319, but fails to discover wherein this decision can be held to overcome the objection raised, as above outlined. It does not appear from the complaint that the transactions involved depend for their validity or invalidity upon the same facts and rules of law. Another point raised is, that it does not appear from the complaint that complainants were in possession at the time of the commencement of the action. The authorities submitted seem applicable and appear to be conclusive on this question unless the pleading or form of action can be so charged as to show inapplicability. Boston, etc., Min. Co. v. Montana Ore Purchasing Co., 188 U.S. 632, 641, 23 S.Ct. 434, 47 L.Ed. 626; Subirana v. Kramer, 1 Cir., 17 F.2d 725; United States v. Wilson, 118 U.S. 86, 88, 89, 6 S.Ct. 991, 30 L.Ed. 110; Frost v. Spitley, 121 U.S. 552, 556, 7 S.Ct. 1129, 30 L.Ed. 1010. Another objection to the complaint is that it constitutes a collateral attack upon fee simple patents which the complainants have allowed to remain unchallenged for nearly twenty five years. The cases hold that only by a direct attack can a fee simple patent be set aside and annulled. Chatterton v. Lukin, Mont. 154 P.2d 798. In deciding this case the Supreme Court relied upon both federal and state authorities which the court has considered. As a further objection to the complaint defendants contend that it was neces-

sary for complainants by appropriate allegations to bring themselves within the provisions of Sections 352a and 352b, 25 U.S. C.A., and this objection appears to be well taken. Defendants offer further objection to the complaint on the ground that the action is barred by the State statute of limitations, Sections 9011, 9065, and complainants reply that such objection can be taken only by answer, but the rules of civil procedure in federal courts—and this is a question relating to procedure—would seem to permit the defense of the statute of limitations to be raised by motion in a proper case. Rule 9(f), Rules of Civil Procedure, and 35 C.J.S., Federal Courts, § 188, p. 1278, and cases cited, afford an illustration of circumstances in which the rule might apply. Harjo v. Empire Gas & Fuel Co., 8 Cir., 28 F.2d 596; Schrimpscher v. Stockton, 183 U.S. 290, 22 S.Ct. 107, 46 L.Ed. 203; Felix v. Patrick, 145 U.S. 317, 12 S.Ct. 862, 36 L.Ed. 719.

But it must be remembered, applying the general rule, that these complainants are to be considered a dependent people and wards of the United States, and that the statute of limitations could not be invoked against them any more than it could be against their general Guardian, the United States. If these lands were not alienable by the Indians then the statute would not run against restricted allotments. But the law permits the Indian to acquire a fee simple title through a patent from the government, under certain conditions set forth in the statutes and regulations, which, if complied with, would supercede the restricted patent theretofore issued.

The rule might apply in some cases and not in others; would it not be difficult to determine whether it would apply in the instant case until suitable amendments have been made to the complaint, supplying the necessary ultimate facts, subsequently sustained by the greater weight of the evidence. Otherwise stated, if the proof should show that the lands, or certain tracts thereof, were not lawfully acquired and that the United States is still holding, as trustee under the restricted patent, then the rule would not apply; but such status can not now be determined under this motion, consequently the court is of the opinion that the motion in this respect should be denied, with the right reserved to renew it in the answer at time of trial.

Further objection is made because of alleged failure to comply with Rule 8 requiring "a short and plain statement of the grounds upon which the court's jurisdiction depends." Complainants evidently rely upon Section 41, 28 U.S.C.A. as authority to give jurisdiction, and in the opinion of the court, which does not require elaboration, there appears to be a federal question disclosed by the complaint.

That the United States is an indispensable party to this action is a proposition seriously advanced by defendants, supported by authorities that seem to afford some justification for the claim; they allege in argument that the purpose here is to obtain a decree by this court that the fee simple patents issued by the United States in 1918 are null and void, and that the United States still holds the legal title to the lands in trust for the complainants; that no judgment or decree entered herein in which the United States is not a party can be binding upon it, or affect the rights, duties and obligations of the United States, and that any such judgment may be ignored by the United States or the same matters may be relitigated.

From a perusal of the authorities relied upon by defendants it would seem that the subject of this litigation, which constitutes a collateral attack on fee simple patents issued by the United States, is of material interest to the United States, the Secretary of the Interior and the Commissioner of Indian Affairs, and if the United States were held to be an indispensable party the officials named would be required to explain and likewise justify their exercise of authority under the statutes and regulations in force and here in question. Without the presence of the United States in this action vital issues would remain undecided even though a judgment were entered herein for complainants and the whole subject would remain open for relitigation. The authorities cited would appear to be applicable to this contention and afford ample support of defendants' objection. Heckman v. United States, 224 U.S. 413, 32 S.Ct. 424, 56 L.Ed. 820; United States v. Hellard, 322 U.S. 363, 64 S.Ct. 985, 88 L.Ed. 1326; United States v. Candelaria, 271 U.S. 432, 46 S.Ct. 561, 70 L.Ed. 1023. In view of the precedents cited, can it be said that the court has authority in this action, in a collateral attack, to enter a judgment to cancel and annul patents issued by the United States to the patentees herein named, which have continued in force and unchallenged for periods of 20 to 25 years, and thereby

declare that the United States still holds the lands in question in trust for the Indians, and that such trusteeship must continue, without making the United States a party to the action? The United States has rights and interests of its own to conserve, and in doing so its officers will disclose what took place in respect to the issuance of restricted and fee simple patents, and related circumstances, which should afford protection to the government as well as the Indian complainants.

Counsel for complainants enquire whether the United States can issue fee patents and permit the Indians to lose their lands "by just sitting there refusing to bring a suit on behalf of the Indian." Counsel have apparently furnished an additional reason why the United States should be made a party to this action. If the United States has brought suit, in certain instances, in behalf of the Indians, as in the Manley case, United States v. Glacier County, D.C., 62 F.Supp. 27, cited by counsel, and has refused to take action in other similar cases, there might be a substantial reason for such refusal. The inference could be drawn from the statements of counsel that the United States has refused to take action in the instant case, if that be so, all the more reason why the United States should be made a party, otherwise any judgment entered would be inconclusive, and the government through its proper officers might commence an action at any time to set it aside. If the United States has proceeded in some cases and declined to do so in others, apparently of a like character, then because of the authority it possesses it becomes exceedingly important to know what facts and what statutes or regulations were relied upon in this case by the officers who represent the United States in such matters, as, for instance, the Attorney General, the Secretary of the Interior, and Commissioner of Indian Affairs.

It was said in the Heckman case [224 U.S. 413, 32 S.Ct. 433]: "By the act of August 15, 1894, chap. 290 (28 Stat. at L. [286], 305), as amended by the act of February 6, 1901, chap. 217 (31 Stat. at L. 760 [25 U.S.C.A. §§ 345, 346]), Congress authorized suits to be brought against the United States, in its circuit courts, 'involving the right of any person, in whole or in part of Indian blood or descent' (with certain exceptions), 'to any allotment of lands under any law or treaty.' Sloan v. United States, 193 U.S. 614, 24 S.Ct. 570, 48 L.Ed. 814. Prior to the amendment of 1901, the United States could not be sued in such a case. But the amendment required that 'in said suit the parties thereto shall be the claimant as plaintiff and the United States as party defendant.' Commenting upon this, the court said in McKay v. Kalyton, 204 U.S. 458, 469, 27 S.Ct. 346, 51 L.Ed. 566, 571: 'Nothing could more clearly demonstrate than does this requirement, the conception of Congress that the United States continued, as trustee, to have an active interest in the proper disposition of allotted Indian lands, and the necessity of its being made a party to controversies concerning the same, for the purpose of securing a harmonious and uniform operation of the legislation of Congress on the subject.' And in Re Heff, 197 U.S. 488, 509, 25 S.Ct. 506, 49 L.Ed. 848, 850, this court said: 'In United States v. Rickert, 188 U.S. 432, 23 S.Ct. 478, 47 L.Ed. 532, we sustained the right of the government to protect the lands thus allotted and patented from any incumbrance of state taxation. Undoubtedly an allottee can enforce his right to an interest in the tribal or other property (for that right is expressly granted), and equally clear is it that Congress may enforce and protect any condition which it attaches to any of its grants. This it may do by appropriate proceedings in either a national or a state court.' * * * And it could not, consistently with any principle, be tolerated that, after the United States, on behalf of its wards, had invoked the jurisdiction of its courts to cancel conveyances in violation of the restrictions prescribed by Congress, these wards should themselves be permitted to relitigate the question. * * * It will be competent for the court, on a proper showing as to any of the transactions that provision can be made for a return of the consideration, consistently with the cancellation of the conveyances and with securing to the allottees the possession of the restricted lands in accordance with the statute, to provide for bringing in as a party to the suit any person whose presence for that purpose is found to be necessary."

In the Candelaria case [271 U.S. 432, 46 S.Ct. 563], the court said: "The Indians of the pueblo are wards of the United States, and hold their lands subject to the restriction that the same cannot be alienated in anywise without its consent. A judgment or decree which operates directly or indirectly to transfer the lands from the

Indians, where the United States has not authorized or appeared in the suit, infringes that restriction."

In United States v. Hellard, 322 U.S. 363, 64 S.Ct. 985, 988, 88 L.Ed. 1326, Mr. Justice Douglas, speaking for the court, held substantially to the same effect, when he stated: "But, as we have said, the Act in question purports to be no more than a jurisdictional statute. It fails to say that the United States is not a necessary party; nor does it suggest that the United States or its officers are confined to a limited role in the proceedings. Cf. United States v. Candelaria, 271 U.S. 432, 444, 46 S.Ct. 561, 563, 70 L.Ed. 1023. We must read the Act in the light of the history of restricted lands. That history shows that the United States has long been considered a necessary party to such proceedings in view of the large governmental interests which are at stake. We will not infer from a mere grant of jurisdiction to a state or federal court to adjudicate claims to restricted lands and to order their sale or other distribution that Congress dispensed with that long-standing requirement. The purpose to effectuate such a major change in policy must be clear."

Having considered the facts alleged in the complaint in connection with the several motions for dismissal, and the law appearing to be applicable, in the opinion of the court this action should be dismissed without prejudice, and such is the order herein.