**James HOLY EAGLE et al., Plaintiffs,**

v.

**L. P. TOWLE, As Superintendent of the Pine Ridge Indian Agency, Pine Ridge, South Dakota, Defendant.**

**Civ. No. 830.**

United States District Court
D. South Dakota, W. D.

May 16, 1963.

**592**

Herman & Simpson by John J. Simpson, of Gregory, S. D., for plaintiffs.

Harold C. Doyle, U. S. Atty., and Travis H. Lewin, Asst. U. S. Atty., Sioux Falls, S. D., for defendant.

BECK, District Judge.

This is an action by a minority number of one hundred twenty-eight owners of one hundred eighty six undivided heirship interests in original trust patent Indian allotted lands, to permanently enjoin the defendant from leasing or permitting Range Unit 21 in the Pine Ridge Reservation, Pine Ridge, South Dakota, to Livermont Brothers, of Vetal, South Dakota, until he shall have complied with all of the statutes, rules and regulations of the Department of the Interior and the Bureau of Indian Affairs and shall have procured valid authority from all of the heirs or devisees to permit or lease that unit.

The defendant moved to dismiss at the end of the trial on the ground that all of the other interest owners of the unit, the Secretary of the Interior and the Livermont Brothers were indispensable parties, to which the defendant in his argument on the merits of the case adds the United States.

There are no allegations in the complaint relating to jurisdiction which follow Form 2, F.R.Civ.P., nor others which *specifically* points to a federal statute giving rise to a federal question and jurisdiction. There is, however, in all of the allegations a permissible inference, that the complained of violation by the defendant of 25 C.F.R. 151.10(d) under 25 U.S.C.A. § 466, poses a federal question which confers jurisdiction, with like inference suggested in the alleged unconstitutionality of 25 U.S.C.A. § 380. Schwarz v. United States, 4 Cir., 191 F.2d 618 (1951), Gerard v. Mercer, D.C. Mont., 62 F.Supp. 28 (1945). See also Barron and Holtzoff, Federal Practice and Procedure, Vol. 1A, Sec. 254 and Vol. 5, Sec. 3017.

■ With that background, it is to be noted that the act sought to be enjoined, i. e., the permitting for grazing use of Range Unit 21, was carried into effect by the defendant on or about the time this action was commenced,[1] or immediately following the court's denial of the plaintiffs' motion for a temporary injunction on January 9, 1962, thus leaving the plaintiffs as seekers of a decree, not based on a presently existing controversy, or on a claim that the defendant in future permittings of the unit, would or was threatening to disregard the regulations as he did on the issuance of the Livermont permit, and therefore moot. Such a situation is being referred to as "one in which there is no real controversy; a case which seeks to determine an abstract question which does not rest on existing facts or rights.", and as a "case or question in or on which there is no real controversy; a case which seeks to determine an abstract question which does not rest on existing facts or rights, or involve conflicting rights so far as plaintiff is concerned. * * * ", or as one which originally presented a controversy, but became "moot by a decision of the court, or by acts of the parties or other causes, occurring after the commencement of the action, causing it to lose its controversial character", and questions "raised in an action may become moot, as to such action, by reason of the conclusion reached and expressed by the court; and although a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character it becomes a moot case or question which will not be considered by the court, * * * ". 1 C.J.S. Actions § 17, subds. c and d, pp. 1016–1017.

---

1. The complaint was verified on December 2, 1961, and filed on the 11th of the same month.

Other reasons why the action should be dismissed are in the plaintiffs' attempt by a permanent injunction against the defendant to test the validity of the permitting or leasing to the Livermonts of the Range Unit and to effect ouster without joining them as parties defendants and in their failure to join the other one hundred eleven owners of interest in the unit as additional parties defendants and to show and prove irreparable damage.

This action, in accordance with this decision which constitutes the court's findings of fact and conclusions of law, will be dismissed on its merits, and Judgment to that effect will be prepared by counsel for the defendant and forwarded to the court for approval and entry.