### CARTER v. THOMPSON et al.

#### (Circuit Court, D. Montana. November 19, 1894.)

1. PUBLIC LANDS—TOWN-SITE PATENT—OFFER AT AUCTION.
   Offer of public lands for sale at auction is not a condition precedent to their being patented for a town site.

2. SAME—ATTACKING PATENT.
   A patent for a town site cannot be attacked by one whose rights, if any, in the land, attached after issue of the patent, on the ground that the land was theretofore known to be mineral land, but it can be assailed only in a direct proceeding by the United States.

3. PLACER MINING RIGHTS—QUIETING TITLE.
   One having a placer mining right, which can only be acquired in public land, can maintain suit to quiet title, if at all, only as to his limited interest.

Suit by J. A. Carter against J. D. Thompson and others to quiet title to mining property. Heard on demurrers to the bill.

J. A. Carter, for complainant.

Toole & Wallace, Sanders & Sanders, McConnell, Clayberg & Gunn, Massena Bullard, H. G. McIntire, and George B. Foote, for defendants.

KNOWLES, District Judge. In this case complainant commenced an action to quiet title. He sets forth that he located the premises

in his complaint described as a placer mining claim. The manner of making, and the steps taken in making, this location are set forth particularly. There is no doubt, therefore, but the only title he has to said premises is derived from this location. The title of the defendants is also set forth in these words: "For the only claim or interest they or either of them have, in privity with the government of the United States, is asserted by them, and each of them, under and by virtue of a pretended entry of and patent to the Helena town site in said Lewis and Clarke county, a copy of which said patent is hereunto attached, and marked 'Exhibit B,' and made a part hereof." The patent shows a grant of the premises in dispute, with other lands, to one Miers F. Truett, probate judge of Lewis and Clarke county, Mont. T., in trust for the several use and benefit of the occupants of the town site of Helena, according to their respective interests, etc. In the bill there is an allegation that the premises in dispute are mineral land, and known to be such at the time of and prior to the application to enter said land under the town-site law. The location of the claim under which complainant asserts title was made on the 7th day of September, 1893. The town-site patent was issued June 15, 1872. The claim seems to be made that this patent was issued before the land was offered for sale at public auction. Complainant has not noticed the difference between the statutes which provide for the pre-emption of public lands, and the one providing for the sale of such lands for town-site purposes, and the statute for the private sale of land. In the case of Railway Co. v. Dunmeyer, 113 U. S. 629, 5 Sup. Ct. 566, the supreme court points out "that sale, pre-emption, and homestead are three different modes of acquiring an interest in public lands." There may be added to this list the acquiring an interest in public lands by the proper officers in trust for town-site purposes. Public lands could be pre-empted or obtained as a homestead or for town-site purposes without the land having been offered for sale at public auction. Public lands could not be acquired at private sale until such an offer was made. So that the authorities cited upon that point have no bearing. It seems to be claimed that, as the lands were known to be mineral before the application or issuing of the patent, therefore it is void. The question as to whether the land was mineral or not was one upon which the land department passed in issuing the patent to Miers F. Truett, the probate judge. In speaking of the functions of the land department in the case of Steel v. Refining Co., 106 U. S. 447, 1 Sup. Ct. 389, the supreme court said: "Necessarily, therefore, it must consider and pass upon the qualifications of the applicant, the acts he has performed to secure the title, the nature of the land, and whether it is of the class which is open to sale. Its judgment upon these matters is that of a special tribunal, and is unassailable, except by direct proceedings for its annulment or limitation." In the case of Davis' Adm'r v. Weibbold, 139 U. S. 525, 11 Sup. Ct. 628, the supreme court, in speaking of the effect of an exception in grants of mineral lands, said, as to the effect of a patent: "The grant or patent, when issued, would thus be held to carry with it the determination of the proper

authorities that the land patented was not subject to the exception stated." In the case of Barden v. Railroad Co., 154 U. S. 288, 14 Sup. Ct. 1030, the supreme court held that it was within the province of the land department to inquire into the character of lands, when issuing a patent therefor, as to whether it was mineral or not; and, if lands were determined to be nonmineral, this determination would be conclusive, in the absence of fraud, imposition, or mistake. The court says upon this point: "Their judgment in such cases is, like that of other special tribunals, upon matters within their exclusive jurisdiction, unassailable, except by a direct proceeding for its correction or annulment." The conclusion is that the land granted to Miers F. Truett, in trust for the Helena town site, must be classed as nonmineral. It was so determined by the land department. This determination cannot be attacked in a collateral proceeding. This was so held in the case of Barden v. Railroad Co., supra. If any fraud was practiced, or any mistake of law or fact occurred, in issuing the patent to Truett to the Helena town site, complainant cannot take advantage of this. He had no rights at that time to be affected by either the fraud or mistake. His rights, if any, accrued, according to his own showing, 21 years after the issuing of such patent. The supreme court has fully decided this matter in the cases of Vance v. Burbank, 101 U. S. 514; Bohall v. Dilla, 114 U. S. 47, 5 Sup. Ct. 782. The only way this patent can be set aside or annulled is by a direct proceeding instituted by the United States for some fraud practiced on it, or on account of some mistake of fact or law occurring when the patent was issued. Complainant, therefore, by his own showing, presents facts to the court which show that he is not entitled to recover in this case.

There is another point that I have not discussed in this case. The complainant has only a placer mining right. This may be only a license to work the ground located or it may amount to an easement. This I do not decide. Whatever the right is, it can only be acquired in public land, not in land that is already patented. Davis' Adm'r v. Weibbold, supra. But, admit that complainant has this license or easement, with only such a title can he institute proceedings to annul a patent of the United States to this ground? I think not. I do not think he has sufficient interest in the land to justify him in maintaining such an action as this. He has only a very limited interest in the land, if any, and only to the extent his interest is interfered with can he maintain a suit to remove a cloud therefrom or to quiet a title thereto. If only a license, as some authorities maintain, he would have no such interest, for he would have no title to be quieted. The demurrers in this case are sustained, and the bill dismissed, at complainant's costs.