MOUAT, APPELLANT, v. MINNEAPOLIS MINING & SMELT-
ING CO. ET AL., RESPONDENTS.

(No. 5,203.)

(Submitted May 22, 1923.   Decided July 11, 1923.)

[217 Pac. 342.]

*Mining Claims—Quieting Title—Public Lands—Patents—Col-
lateral Attack—Defenses—Pleading.*

Findings—Deemed Correct in Absence of Evidence from Record.
1. The correctness of the findings of the court in an equity case
will not be inquired into on appeal where the evidence is not in-
corporated in the record.

Public Lands—Patent—When Conclusive—When Void—Collateral Attack.
2. A patent to land is the highest evidence of title when issued
under authority of law, conclusive against the government and all
the world and cannot be set aside or annulled, even for fraud or
mistake, except in an action in equity and at the instance of the
United States; but where land was not owned by the government,
or was appropriated for a particular use or reserved from sale, a
patent issued thereto was void from the beginning and may be
assailed in an action at law and attacked collaterally.

Same—Patent—Unauthorized Acts of Governmental Agents—Government
not Estopped.
3. The federal government is not estopped by the unauthorized
acts or mistakes of its agents in issuing patent to land which at
the time was not subject to entry but a portion of an Indian
reservation.

Same—Patent—Title at Once in Patentee.
4. When the federal government issues its patent to a mining
claim, title at once vests in the patentee to the extent of the
property granted and it becomes immediately private property with
which the government no longer has any concern.

Same—Quieting Title—Patent—Adverse Possession—Defenses—Forfeiture
and Abandonment—Special Pleading not Required.
5. Where the subject of an action to quiet title to a mining claim
was patented land, the contention of plaintiff that because forfeiture
and abandonment had not been specially pleaded, the pleading of
adverse possession was insufficient, *held* without merit, in view of the
above rule (par. 4).

*Appeal from District Court, Stillwater County; Albert P.
Stark, Judge.*

ACTION by H. W. West, for whom John Mouat was sub-
stituted, plaintiff, against the Minneapolis Mining & Smelt-

ing Company and others. Judgment for defendant and plaintiff appeals. Affirmed.

*Messrs. Goddard & Clark,* for Appellant, submitted a brief; *Mr. O. F. Goddard* argued the cause orally.

Appellant contends that if the defendants have a right to the relief sought, it should be brought in a direct proceeding in equity in behalf of the United States to cancel the mining patent and not in an action at law (*Iron Silver Mining Co.* v. *Campbell,* 135 U. S. 286, 34 L. Ed. 155, 11 Sup. Ct. Rep. 1065 [see, also, Rose's U. S. Notes]), for the reason that when the government has issued and delivered its patents for the lands, the control of the department over the title to such lands has ceased, and the title of the patentee can only be impeached by a bill in chancery. "Patent for a mining claim can only be vacated or limited by regular judicial proceedings taken in the name of the government for that purpose." (*Steel* v. *St. Louis Smelting etc. Co.,* 106 U. S. 447, 454, 27 L. Ed. 226, 1 Sup. Ct. Rep. 389 [see, also, Rose's U. S. Notes]; *Peabody Mining Co.* v. *Gold Hill Mining Co.,* 111 Fed. 820, 821, 49 C. C. A. 637.) Until such an action is brought and determined for and on behalf of the United States all of the presumptions are in favor of the patent. (*Stewart Min. Co.* v. *Bourne,* 218 Fed. 327, 134 C. C. A. 123.)

Defendants contend that the first patent issued is null and void as against them, for the reason that it was issued upon lands which prior to 1892 were a part of the Crow Indian Reservation in Montana. Acting upon the presumption that the Department of the Interior knew the surveyed limits of said reservations at the time the patent of the mining company was issued and that the mining company had properly performed all of the preliminary requirements for patent required by them to be performed, it must be presumed, if the contention of the defendants is correct, that the patent was

validated by the reversion of the title to the United States subsequent to the issuance of said patent and eighteen years prior to the intervention of any claim on the part of the defendants. (*Noonan* v. *Caledonia Co.,* 121 U. S. 393, 30 L. Ed. 1061, 7 Sup. Ct. Rep. 911 [see, also, Rose's U. S. Notes].) Under circumstances of this kind, it has, at most, been repeatedly held that the title or patents is not void but only voidable. (*United States* v. *Beebee,* 127 U. S. 338, 32 L. Ed. 121, 8 Sup. Ct. Rep. 1083; *Wright* v. *Roseberry,* 121 U. S. 488, 30 L. Ed. 1048, 7 Sup. Ct. Rep. 985 [see, also, Rose's U. S. Notes].)

The United States could not issue a second valid patent upon the same land, for the reason that the prior patent divested the title of the United States, whether the first patent conveyed a valid title or not. (*Bicknell* v. *Comstock,* 113 U. S. 149, 28 L. Ed. 962, 5 Sup. Ct. Rep. 399; *Water & Mining Co.* v. *Bugby,* 96 U. S. 165, 24 L. Ed. 621 [see, also, Rose's U. S. Notes].)

A patent for a mining claim is not subject to collateral attack and no relief is afforded in a court of law, though the government officers took mistaken views of the law or drew erroneous conclusions from the evidence or acted from imperfect views of their duty, or even from corrupt motives. (*St. Louis Smelting & Refining Co.* v. *Kemp,* 104 U. S. 636, 647, 26 L. Ed. 875; *Steel* v. *St. Louis Smelting etc. Co.,* 106 U. S. 447, 27 L. Ed. 226, 1 Sup. Ct. Rep. 389; *Davis* v. *Weibbold,* 139 U. S. 507, 529, 35 L. Ed. 238, 11 Sup. Ct. Rep. 628; *Enterprise Min. Co.* v. *Rico-Aspen etc. Min. Co.,* 167 U. S. 108, 42 L. Ed. 96, 17 Sup. Ct. Rep. 762; *Creede & C. C. Min. etc. Co.* v. *Uinta Tunnel Min. etc. Co.,* 196 U. S. 337, 49 L. Ed. 501, 25 Sup. Ct. Rep. 266 [see, also, Rose's U. S. Notes]; *New Dunderberg Min. Co.* v. *Old,* 79 Fed. 598, 604, 25 C. C. A. 116; *Peabody Min. Co.* v. *Gold Hill Min. Co.,* 111 Fed. 820, 49 C. C. A 637.)

*Mr. W. J. Jameson, Jr.,* and *Messrs. Johnston, Coleman & Johnston,* for Respondents, submitted a brief; *Mr. J. H. Johnston* argued the cause orally.

The United States supreme court has held in a number of cases that under a state of facts similar to the instant case, the patent is absolutely void and may be attacked collaterally in an action at law. (*Stoddard* v. *Chambers,* 2 How. (U. S.) 284, 11 L. Ed. 269 [see, also, Rose's U. S. Notes]; *Burfenning* v. *Chicago etc. Ry. Co.,* 163 U. S. 321, 41 L. E'd. 176, 16 Sup. Ct. Rep. 1018; *Johnson* v. *Drew,* 171 U. S. 93, 43 L. Ed. 90, 18 Sup. Ct. Rep. 800 [see, also, Rose's U. S. Notes].)

The appellant contends that, after the issuance of this patent to the predecessors in interest of plaintiff, any title subsequently acquired by the United States inured to plaintiff's benefit. This claim is based upon the doctrine of estoppel. It is our contention that this doctrine has no application to this action for the following reasons: Because the issuance of patent was the unauthorized and erroneous act of the agents or officers of the United States, or was due to their mistake. "It is equally well settled that the government cannot be estopped by the unauthorized or fraudulent acts of its agents or officers or their mistakes." (*United States* v. *Lee Wilson Co.,* 214 Fed. 651; *Hunter* v. *United States,* 5 Pet. (U. S.) 173, 8 L. Ed. 86; *Whiteside* v. *United States,* 93 U. S. 247, 23 L. Ed. 882; *Moses* v. *United States,* 166 U. S. 571, 41 L. Ed. 1119, 17 Sup. Ct. Rep. 682 [see, also, Rose's U. S. Notes]; *Taylor* v. *Shufford,* 11 N. C. 116, 15 Am. Dec. 512; *Casey's Lessee* v. *Inloes,* 1 Gill (Md.), 430, 39 Am. Dec. 658; *Wallace* v. *Maxwell,* 32 N. C. 110, 51 Am. Dec. 380; *Childress County Land & Cattle Co.* v. *Baker,* 23 Tex. Civ. 451, 56 S. W. 756.)

HONORABLE J. B. LESLIE, District Judge, sitting in place of MR. JUSTICE STARK, disqualified, delivered the opinion of the court.

The plaintiff has appealed to this court from a judgment entered against him.

On January 21, 1891, the Stillwater Mining Company obtained a patent from the United States government to a placer mining claim, known as "Stillwater Placer No. 1," containing 160 acres, described by. metes and bounds and situated in Stillwater county, Montana. It is alleged that plaintiff became the successor in interest to the land, and he brought this action to quiet title in himself thereto. The complaint contains the usual allegations of a complaint to quiet title.

At and prior to the time patent issued, the lands were a part of the Crow Indian Reservation; but about 1892 the Crow tribe of Indians ceded said lands to the United States, when they became a part of the unsurveyed public domain and remained so until about 1906 or 1907, when a survey thereof was made and accepted by the United States government in 1908.

Default was suffered by all of the defendants except Fred I. Witham, Sarah E., his wife; James G. Haw, Leona A., his wife; and Cora E. Wood, who filed joint answer denying the material allegations of the complaint and pleading five separate affirmative defenses:

First, that the premises are a portion of certain sections named in township 5, south of range 15 east of Montana meridian, in Montana; that at the time the patent issued the premises were a portion of the Crow Indian Reservation and not a part of the public domain and not subject to entry or patent under any of the United States land laws. They further allege the patentee induced the officials of the land office at Bozeman, Montana, to accept the filing and entry of the mining claim through false representations to them by the patentee that the premises, when surveyed, would be situated in township 7, south of range 16 east of said Montana meridian, then a part of the public domain and situated in the Bozeman (Montana) land district.

68 Mont.—17

The second defense is a plea in bar of plaintiff's action under sections 6432-6433, Revised Codes of 1907, for that neither plaintiff, his ancestors, predecessors nor grantor, was seised or possessed of the property within ten years before the commencement of the action.

The third defense is title by adverse possession under the provisions of sections 6436-6437, Revised Codes of 1907 (secs. 9019, 9020, Rev. Codes 1921). It is alleged that defendants' predecessor, Byron F. Wood, soon after the property in dispute was ceded to the United States, located upon the same, occupying it until its survey and opening for entry, when, about May 14, 1908, he made homestead entry thereof, made final proof about August 26, 1908, which was approved and final receipt issued, and later a patent to him from the United States General Land Office on September 6, 1910, and it is alleged that he and they, as his successors in interest, have acquired title under the provisions of said sections.

The fourth defense is similar in its nature, based upon alleged acts in conformity with the requirements of sections 6438-6439, Revised Codes of 1907.

The fifth defense need not be considered, except in so far as it sets out the interest of the defendants Witham and Haw (the husbands) to be a fee-simple title to the land in dispute by purchase from Byron F. Wood, a dower interest in their respective wives, and a $2,000 mortgage for the purchase money due the defendant Cora E. Wood.

The material allegations of the affirmative defenses are denied by reply.

The case was tried by the court sitting without a jury, [1] and is before this court upon the pleadings, findings of fact, conclusions of law and decree. The trial court resolved all the issues of fact presented by the pleadings in favor of the defendants. Since the supreme court always indulges the presumption that the judgment of the trial court

is correct, and the burden resting upon the appellant to
show reversible error, and the record in this case failing to
disclose any of the testimony introduced at the trial, the
correctness of the lower court's findings may not be inquired
into on appeal. As was said by Mr. Justice Hurly, in *Smith
v. Hoffman,* 56 Mont., at page 311, 184 Pac., at page 844:
"The rule is well settled by numerous decisions of this court
that the findings of a district court will not be reversed
except where the evidence clearly preponderates against
them, and citation of such authorities is not necessary
herein."

The last treaty entered into by the United States with
the tribe of Crow Indians by which a district of country
was allotted to the tribe for reservation purposes, after
describing the district and touching the same, reads, in part,
as follows: " * * * shall be, and the same is, set apart
for the absolute and undisturbed use and occupation of the
Indians herein named, and for such other friendly tribes or
individual Indians as from time to time they may be willing,
with the consent of the United States, to admit amongst
them; and the United States now solemnly agrees that no
persons, except those herein designated and authorized so
to do, and except such officers, agents and employees of the
government as may be authorized to enter upon Indian
reservations in discharge of duties enjoined by law, shall
ever be permitted to pass over, settle upon, or reside in the
territory described in this article for the use of said Indians.
* * * "

By the court's finding No. 2, the land in dispute was
determined to be a part of the Crow Indian Reservation at
the date of the issuance of the patent therefor. Counsel
for appellant devote practically all their brief to the ques-
tion whether paragraph 5 of the answer, which is the first
defense hereinbefore stated, presents a defense, and urge:
First, that, admitting the premises were a part of the

reservation when patent issued, the only person who can question the validity of the patent is the United States; second, that its validity can be inquired into only in an action in equity; and, third, that though the land was a part of the reservation when patent issued, when later ceded to the government the title thereby acquired passed to the plaintiff.

The first two propositions are so interrelated that they [2] may appropriately be disposed of together. A patent to land is the highest evidence of title, when issued under authority of law, and is conclusive against the government and all the world until set aside, having the sanction of and being the result of investigation by the Land Department, the tribunal created and empowered by Congress to inquire into and adjudicate all matters relating to the subject before its issuance; and it is a well-established rule, no longer open to question, that when officers charged with the duties with respect thereto and acting within jurisdiction have issued a patent, the same cannot, even for fraud or mistake, be canceled or annulled, except in an action in equity and at the instance of the United States. But there is likewise another rule equally well established, and with respect to which the courts are practically harmonious: That where land is not owned by the United States, or has been appropriated to a particular use, or reserved from sale, the land officials are without jurisdiction to dispose of it, and if, in defiance of law, a patent issue to it, the same is ineffectual to pass title and is void from the beginning, and in such case may be assailed in an action at law, and like any void judgment, may be attacked collaterally.

The principles involved in the two foregoing propositions are illustrated by what is said in *Steel* v. *St. Louis Smelting & Refining Co.*, 106 U. S. 447, 27 L. Ed. 226, 1 Sup. Ct. Rep. 389 [see, also, Rose's U. S. Notes]. "It is among the elementary principles of the law that in actions of ejectment

the legal title must prevail.   *   *   *   Whoever holds it must recover against those who have only unrealized hopes to obtain it, or claims which it is the exclusive province of a court of equity to enforce. However great these may be, they constitute no defense in an action at law based upon the patent. That instrument must first be got out of the way, or its enforcement enjoined, before others having mere equitable rights can gain or hold possession of the land it covers. This is so well established, so completely embedded in the law of ejectment, that no one ought to be misled by any argument to the contrary.

"It need hardly be said that we are here speaking of a patent issued in a case where the land department had jurisdiction to act, the lands forming part of the public domain, and the law having provided for their sale. If they never were the property of the United States, or if no legislation authorized their sale, or if they had been previously disposed of or reserved from sale, the patent would be inoperative to pass the title, and objection to it could be taken on these grounds at any time and in any form of action. In that respect the patent would be like the deed of an individual, which would be inoperative if he never owned the property, or had previously conveyed it, or had dedicated it to uses which precluded its sale."

Among other cases equally decisive of the matter cited by counsel for respondents, and to the same effect, are: *Johnson* v. *Drew,* 171 U. S. 93, 43 L. Ed. 90, 18 Sup. Ct. Rep. 800; *Burfenning* v. *Chicago etc. Ry. Co.,* 163 U. S. 321, 43 L. Ed. 176, 16 Sup. Ct. Rep. 1018; *Lake Superior Ship Canal R. etc. Co.* v. *Cunningham,* 155 U. S. 354, 39 L. Ed. 183, 15 Sup. Ct. Rep. 103; *Doolan* v. *Carr,* 125 U. S. 618, 31 L. Ed. 844, 8 Sup. Ct. Rep. 1228; *Wilcox* v. *Jackson,* 13 Pet. (U. S.) 498, 10 L. Ed. 264; *Wright* v. *Roseberry,* 121 U. S. 488, 30 L. Ed., at page 1048, 7 Sup. Ct. Rep. 985; *Stoddard* v. *Chambers,* 2 How. (U. S.) 284, 11 L. Ed. 269

[see, also, Rose's U. S. Notes]; *Peabody Mining Co.* v. *Gold Hill Min. Co.*, 111 Fed. 820, 49 C. C. A. 637; and other cases cited in footnote, 32 Cyc. 860.

But little need be said with respect to the third contention [3] of counsel for appellant: That upon return of title to the land in question to the United States the same vested in plaintiff, and the government is estopped to question the title. The principle that the government is not estopped by the unauthorized acts of its agents seems to be so well established as to hardly merit discussion. In 10 Ruling Case Law, section 31, p. 704, treating of estoppel, it is said: "So, while as to a grant issued in the usual way the state may be estopped, such an estoppel is of a limited kind and does not apply so as to pass an after-acquired title, and a grant in the usual way, but covering land not subject to entry will not estop the state from setting up title to such land"—citing cases. Likewise in *United States* v. *Lee Wilson Co.* (D. C.), 214 Fed. 651: "It is equally well settled that the government cannot be estopped by the unauthorized or fraudulent acts of its agents, * * * or their mistakes." (See, also, *Hunter* v. *United States*, 5 Pet. (U. S.) 173, 8 L. Ed. 86; *Whitesides* v. *United States*, 93 U. S. 247, 23 L. Ed. 882; *Moses* v. *United States*, 166 U. S. 571, 41 L. Ed. 1119, 17 Sup. Ct. Rep. 682 [see, also, Rose's U. S. Notes]; *Taylor* v. *Shufford*, 11 N. C. 116, 15 Am. Dec. 512; *Wallace* v. *Maxwell*, 32 N. C. 110, 51 Am. Dec. 380; *Childress County L. & C. Co.* v. *Baker*, 23 Tex. Civ. App. 451, 56 S. W. 756; *Heyward* v. *Farmers' Min. Co.*, 42 S. C. 138, 46 Am. St. Rep. 702, 28 L. R. A. 42, 19 S. E. 963, 20 S. E. 64; *Pine River L. & I. Co.* v. *United States*, 186 U. S. 279, 46 L. Ed. 1164, 22 Sup. Ct. Rep. 920 [see, also, Rose's U. S. Notes].)

Counsel for appellant makes six assignments of error based upon the lower court's findings of fact, but these assignments cannot be considered in the absence of the testimony.

Affirmance of this judgment would be warranted upon the findings of the lower court alone, as follows: "There is no evidence to show that either plaintiff or substituted plaintiff ever succeeded to the rights, if any, of the Stillwater Mining Company, the patentee for Stillwater Placer No. 1 Mining Claim, which pretended to convey to said patentee the land described in the complaint herein" (finding No. 1), and of which finding appellant does not assign error; that neither plaintiff, substituted plaintiff, their ancestors, predecessors or grantors, has been in possession of the property, or any of it, within ten years before the commencement of the action (finding No. 4); and by findings 5, 6, 8, 11, 12 and 13 wherein it is determined that Byron F. Wood and the defendants Witham and Haw took all of the steps and did all the things necessary to acquire title to said property by adverse possession, under the several statutes set up in the answer.

The contention of counsel for appellant that the defense of [4, 5] adverse possession is insufficiently pleaded, in that a forfeiture or abandonment of the property in dispute should have been specially pleaded, is without merit. The question of forfeiture or abandonment has no place in this case. When the United States issues its patent to a mining claim, title at once vests in the patentee to the extent of the property granted, and it became at once private property with which the government no longer concerns itself. As is said in Lindley on Mines, section 22: "Upon the issuance of the deed of the government the mineral land becomes private property, subject to the same rules as other in the state, with reference to the transfer, devolution by descent and all other incidents of private ownership prescribed by the laws of the state.  *  *  *  Briefly stated, property in mines, once vested absolutely in the individual, becomes subject to the same rules of law as other real property within the state."

No error appearing in the record, the judgment of the lower court is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Cooper, Holloway and Galen concur.

Rehearing denied September 11, 1923.