CHATTERTON, Respondent, *v.* LUKIN et al., Appellants.
(No. 8439.)

(Submitted September 22, 1944. Decided December 12, 1944.)

[154 Pac. (2d) 798.]

*Mr. S. J. Rigney,* for Appellants, submitted a brief and argued the cause orally.

*Messrs. Hall & Alexander* and *Mr. James E. Burdette, Jr.,* for Respondent, submitted a brief; *Mr. H. C. Hall* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

The action is by the purchaser Chatterton to quiet title to a tract of land in Glacier County obtained from the county by tax deed. The lower court found for plaintiff and entered a decree quieting title in him.

On May 23, 1918, John Vielle, a one-half-blood Blackfeet Indian, received a trust patent from the United States to the lands in controversy agreeably with the terms of the General Allotment Act, (25 U. S. C. A. sec. 348.) By that statute the United States held the lands in trust for Vielle free, among other things, from the burden of state or local taxation for a period of twenty-five years. Subsequently Vielle made application for a fee patent under federal law, (25 U. S. C. A. sec. 349), authorizing the Secretary of the Interior upon a finding of the allottee's competency to cause to issue a patent in fee simple, and thereafter all restrictions as to sale, encumbrance or taxation of such lands were to be removed. The fee patent issued, properly authenticated, on January 25, 1921, and it was transmitted to the local Indian office at Browning. Vielle never accepted

it, and presumably no manual delivery took place. Taxes were assessed beginning in 1921 by Glacier County against the lands and upon non-payment, the county in 1929 became the owner. It disposed of the lands under contract of sale to the respondent Chatterton. Vielle died and his heirs are named defendants here.

Defendants urge on this appeal that the land in question was not subject to taxation and that therefore the county could not take it for taxes nor sell it to Chatterton.

The defendants introduced in evidence, over objection, an ▉ affidavit of the Indian Vielle, under date of April 10, 1931, ten years after the fee patent was issued, and a year after the county took the tax title. The affidavit purported to state that his application for a fee patent was under mistake of fact, that he did not represent himself to be competent to administer his own affairs, and requested cancellation of the fee patent. Another statement under oath dated September 12, 1932, is to the same effect. The respondent urges that such evidence is not competent in this quiet title action because it constitutes a collateral attack upon the fee patent, and that the only way to overcome the fee patent is by direct proceeding for that purpose. The authorities so hold. (*Mouat* v. *Minneapolis Mining & Smelting Co.*, 1923, 68 Mont. 253, 217 Pac. 342; *Pittsmont Copper Co.* v. *Vanina*, 1924, 71 Mont. 44, 227 Pac. 46; *Carter* v. *Thompson*, C. C. 1894, 65 Fed. 329.) For the purpose of this proceeding then, the fee patent must stand unchallenged.

It is of no significance that Vielle never accepted manual ▉ delivery of the fee patent from the local Indian agent at Browning. A patent issued under authority of law by the proper officials and properly authenticated requires no delivery. Title is passed by matter of record. In *United States* v. *Schurz*, 1880, 102 U. S. 378, 397, 26 L. Ed. 167, the court says in a case squarely in point:

"We are of opinion that when, upon the decision of the proper office that the citizen has become entitled to a patent for a portion of the public lands, such a patent made out in that office is signed by the President, sealed with the seal of the General

Land-Office, countersigned by the recorder of the land-office, and duly recorded in the record-book kept for that purpose, it becomes a solemn public act of the government of the United States, and needs no further delivery or other authentication to make it perfect and valid. In such case the title to the land conveyed passes by matter of record to the grantee, and the delivery which is required when a deed is made by a private individual is not necessary to give effect to the granting clause of the instrument.'' Even the dissent in that case agrees on this point. At page 406 of 102 U. S., 26 L. Ed. 167: ''I agree that, when the right to a patent has become complete, the execution and delivery of the patent itself are the mere ministerial acts of the officers charged with that duty; and I further agree that when the right to a patent has been determined, and the patent has actually been signed, sealed, countersigned, and recorded, no actual delivery is necessary to pass the title.''

That brings us to the crux of the case. Will the conversion of a trust patent to a fee patent upon the application of the allottee, accompanied by a finding of competency, conformably with the federal statute, 25 U. S. C. A. sec. 349, retain on the land immunity from taxes? Administrative interpretation of the Act established the practice of issuing to an Indian allottee a fee patent for the trust patent originally provided for, upon a finding of the Indian's competency without regard to his consent. The courts have held that practice obnoxious as depriving the Indians of vested rights. Legislative sanction (see *United States* v. *Nez Perce County*, 9 Cir., 1938, 95 Fed. (2d) 232, 236) of the courts' position is to be found in 25 U. S. C. A. secs. 352a, 352b, enacted in 1927. By the latter sections, not here controlling, cancellation is allowed of a fee patent which was issued without the consent or application of the Indian, and the lands may be restored to their trust status upon certain conditions. The rule is not the same when the fee patent issues upon application of the allottee or with his consent. Restrictions upon alienation and immunity from taxation are removed. That is the circumstance here. The cases cited by appellants do not

aid them, for in each the tax immunity can be traced to the fact that the fee patent was thrust upon the Indian, without application and without consent.

In the case of *United States* v. *Benewah County,* 9 Cir., 1923, 290 Fed. 628, 631, a suit by the United States in behalf of two Indian allottees to test the validity of state taxes imposed on land fee patented over the objection of the Indians, the court said: "The provision of the Act of May 8, 1906, (34 Stat. 182, 25 U. S. C. A. sec. 349, authorizing issuance of a fee patent for trust patent upon a showing of the Indian's competency), should, we think, be held to mean that such action by the Secretary can be had only upon the application of the allottee or with his consent." In *Glacier County* v. *United States,* 9 Cir., 1938, 99 Fed. (2d) 733, it was expressly stipulated that the fee title was granted to the Indians without any application on their part and without their consent. The court in *United States* v. *Nez Perce County,* 9 Cir., 1938, 95 Fed. (2d) 232, 235, said: "However, in our view, consent is the crucial issue to be determined." The allottee did not apply to have the trust patent converted to a fee patent and refused to accept the fee patent when it was issued in *Board of Commissioners of Caddo County* v. *United States,* 10 Cir., 1936, 87 Fed. (2d) 55, 56, and the court remarked: "The parties proceed upon the postulate that the voluntary acceptance of a fee patent during the trust period operates to end the immunity. That may be assumed, without deciding the question." In *Mahnomen County* v. *United States,* 1942, 319 U. S. 474, 63 S. Ct. 1254, 1256, 87 L. Ed. 1527, the court said: "Notwithstanding these acts the County concedes and we assume *arguendo,* that it was without power to impose a tax upon these allotted lands prior to 1928 against the consent of the Indians." The allotted lands in *United States* v. *Ferry County,* D. C. Wash., 1941, 39 Fed. Supp. 1007, retained their immunity from taxation because the heirs in concert did not apply for the fee patent or acquiesce in its issuance. In *Board of Commissioners of Jackson County* v. *United States,* 10 Cir., 1938, 100 Fed. (2d) 929, the fee patent came to the Indian over

her objection and without her consent, and hence the tax immunity prevailed during the time the taxes were assessed and paid under protest. On appeal to the Supreme Court of the United States, 1939, 308 U. S. 343, 60 S. Ct. 285, 84 L. Ed. 313, that case was reversed on another point; that is, interest on the taxes collected was not properly a charge to be paid by the county in this action to recover taxes illegally assessed by the county. Here Vielle's application is on record. The Indian office refused his request to cancel the fee patent. He had the fee as the record stands after application and the cases cited do not apply. The land was subject to taxation and the county could convey title to Chatterton.

In the view we take of the matter, it is not necessary to pass upon the question of the sufficiency of the evidence to make a case under section 2214, Revised Codes, calling for a deposit in court by the alleged true owner for the use of the tax deed grantee, for the appellants put their defense on the ground that the lands in question were exempt from state tax levies and from sale upon non-payment of taxes, a defense which we have found to be untenable. Further, no question of redemption is raised by the pleadings.

Judgment affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON, MORRIS and ADAIR concur.

Rehearing denied January 23, 1945.

Writ of certiorari denied by the Supreme Court of the United States on June 18, 1945.