409 P.2d 405

W. W. NIXON, Plaintiff-Respondent,

v.

Margaret Eugene JOHNSON and John John-son, her husband, Paul Eugene and Jane Doe Eugene, his wife, if married, Charles Eugene and Jane Doe Eugene, his wife, if married, Edward Eugene and Jane Doe Eugene, his wife, if married, Aloysius Eugene and Jane Doe Eugene, his wife, if married, Defendants-Appellants.

No. 9527.

Supreme Court of Idaho.

Dec. 30, 1965.

Prather & Wilson, Bonners Ferry, for appellants.

Bandelin & Cogswell, Sandpoint, Nixon & Nixon, Bonners Ferry, for respondent.

**McFADDEN, Justice.**

On January 16, 1962, W. W. Nixon, plaintiff-respondent, initiated this action to partition certain unimproved farm land in Boundary County, hereinafter referred to as allotments 36 and 37. Nixon alleged that he and the defendants-respondents are tenants in common on the land. All parties claim possession through one Wayne Tucker, a lessee under a written lease for each allotment which lease was executed by the defendants and the Superintendent of Indian Field Service on behalf of respondents' predecessor and minors and absentee heirs, as the lessors. The land involved had previously been classified as "Indian Land", held in trust by the United States for the Indian owner until issuance of a patent in fee. (25 U.S.C.A., Indians § 348). Patents in fee were issued on each allotment in 1961 after determination that none of the present owners of interests in the land were of Indian status, it having been determined that all the then claimants were of Canadian citizenship.

On October 15, 1907, the United States pursuant to 25 U.S.C.A. Indians § 348, issued a trust patent to allotment 37 for the use of Mary Ann Parnapa Peter, an Indian, wife of Parnapa Peter. On February 24, 1908, Parnapa Peter, also an Indian, was issued a similar trust patent to allotment 36. While this trust remained in effect, the Secretary of the Interior had exclusive jurisdiction to determine the heirs of the trust patent holder upon his or her death, "according to the laws of the State or Territory where such land is located." 25 U.S.C.A., Indians § 348; 25 U.S.C.A., Indians § 372; Arenas v. United States, 95 F.Supp. 962 (D.C.Cal.1951), aff'd 197 F.2d 418 (9th Cir. 1952).

By 1961, the Department of the Interior, under 25 U.S.C.A. § 372, had, and from time to time, determined in four separate heirship proceedings, that the heirs of Justine

(Tristina) Pierena, the granddaughter of Parnapa Peter, were entitled to an undivided five-sixths (⅚) interest in allotment 36 and an undivided one-half (½) interest in allotment 37. No appeals from such determinations appear of record. 25 Code Federal Regulations, Indians § 15.19. The Interior Department further found that appellants herein were entitled to the remaining interests of the two allotments. On June 21, 1961, the United States issued patents in fee to appellants for the one-half interest in allotment 37. Defendant Johnson recorded these instruments in the recorder's office of Boundary county soon thereafter without objection to the designation of the interest mentioned therein. Patents were not issued to the "heirs of Justine Pierena" because her estate was then being contested in the Probate Court of Boundary county. This contest was resolved on November 21, 1961, when the final decree of distribution determined that a Canadian Indian, by the name of Sophie David was the sole heir of Justine Pierena. Under the provisions of Title 25 U.S.C.A., Canadian Indians are not accorded the same status as Indians of the United States. Respondent W. W. Nixon was one of Sophie David's attorneys in the Boundary county Probate Court contest in the Justine Pierena estate.

The Department of the Interior executed on November 20, 1961, a patent in fee to the "heirs of Justine (Tristina) Pierena" of an undivided five-sixths interest in allotment 36, and on November 22, 1961, a patent in fee for an undivided one-half interest in allotment 37.

By reason of the decree of the Probate Court in the estate of Justine Pierena, Sophie David succeeded to the interest of Justine Pierena in the two allotments. The record discloses that no appeal was ever taken from this decree of the Probate Court.

On November 17, 1961, in compliance with a contingent fee agreement with respondent for representation by him as an attorney of her interest in the Justine Pierena estate contest, Sophie David attempted to convey by deed one-third of her interest in the two allotments to the respondent and his co-counsel. There is no question but that this conveyance was void, because Sophie David had no interest that was transferable at that time, inasmuch as the patents in fee had not been issued at that time. 25 U.S.C.A. § 348. The principle of estoppel is not applied to Indians who convey before they get legal title free from restriction. 27 Am.Jur., 559, Indians § 27, § 31, § 35; 42 C.J.S. Indians § 61, p. 754. However, on March 7, 1963, after issuance of the patent, Nixon paid Sophie David $22,600 in consideration for a quitclaim deed for all of her interest in allotments 36 and 37. This deed was re-

corded March 12, 1963. Respondent bases his claim of title on this deed together with the patents in fee dated November 20 and November 22, 1961.

Appellants did not answer respondent's complaint herein for partition of the premises until May 16, 1963, which answer combined a general denial of the respondent's allegations of ownership of title, with a cross-complaint asking the court to quiet title to all of the real property in them on the basis of their allegations that they had been possessed of the premises and paid taxes on them for more than five years prior to filing of the cross-claim. On November 7, 1963, five days prior to trial, appellants filed an amendment to their answer and cross-complaint alleging that the Department of the Interior had made an error at law or gross mistake of fact in the heirship proceedings it conducted to determine the heirs of Parnapa Peter and his wife.[1] Appellants claim that the instant case should be considered as one for the determination of heirship; that the court should declare the Department of Interior determination as to the heirs of Parnapa Peter and his wife to be void and ultimately remand the cause to the Probate Court for final determination of such heirship.

Appellants also advance the theory that the patents are void because they were made subject to certain dike construction and maintenance liens in favor of the United States. 25 U.S.C.A. § 348 provides that when the United States delivers the fee title to the Indian, it shall do so by patent "free of all charges and incumbrances whatsoever." Appellants claim that title to the lands is thus still in the United States and that this court must decline jurisdiction of the case and refer it to the Department of Interior to issue valid patents after it corrects the alleged error in determining the heirs of Parnapa Peter.

Respondent contends that the District Court had jurisdiction of the case and properly gave effect to the patent because: (1) the patent was not void; (2) the patents cannot be collaterally attacked in this partition action; (3) as a *bona fide* purchaser for value, without knowledge as to any defects in the title, respondent Nixon has good title even if Sophie David, his predecessor in interest, only had a voidable title by reason of the alleged erroneous heirship determination of the Interior Department; and (4) there was no error of law or of fact in the proceedings of the Department of the Interior.

---

1. Appellants point out that Mary Ann survived Peter and then remarried. Justine Pierena was the daughter of Peter's daughter. Appellants claim through Mary Ann and her second husband. They claim that a proper determination of heirship by the Interior Department would have given Justine's heirs none of allotment 37 and only an undivided ¼ interest in allotment 36.

The District Court held that respondent Nixon had good title and entered its order for partition of the land.[2]

■ Appellants' contention that the patents are void because of the dike liens is without merit. The declared purpose of 25 U.S.C.A. § 348, is to avoid encumbering Indian lands with liens during the trust period. That provision provides that during the trust period the land is held by the United States for the sole use and benefit of the Indian to whom the allotment shall have been made "and that at the expiration of said period the United States will convey the same by patent to said Indian, or his heirs as aforesaid, in fee, discharged of said trust and free of all charge or incumbrance whatsoever * * *." On July 21, 1961, the Secretary of the Interior voided the purported liens. If anything, the purported liens were void, but the patents were not.

■ In cases of this nature a patent cannot be attacked collaterally, as appellants attempt to do herein, but may be attacked only by direct proceedings instituted for that purpose by the federal government or aggrieved parties. Gerard v.

Mercer, 62 F.Supp. 28, 29 (D.C.Mont.1945); Chatterton v. Lukin, 116 Mont. 419, 154 P.2d 798, 799 (1945), cert. denied, 325 U.S. 880, 65 S.Ct. 1572, 89 L.Ed. 1996; Matthews v. Barker, 30 F.Supp. 464 (D.C.Idaho 1938); United States v. State Investment Co., 264 U.S. 206, 44 S.Ct. 289, 68 L.Ed. 639 (1924); Carter v. Thompson, 65 F. 329 (cc. 1894); Lee v. Johnson, 116 U.S. 48, 6 S.Ct. 249, 29 L.Ed. 570 (1885); Moore v. Robbins, 96 U.S. 530, 24 L.Ed. 848 (1878). See also: Woodland v. Spillman, 75 Idaho 286, 290, 271 P.2d 819 (1954), wherein this court held that a probate decree cannot be collaterally attacked and is conclusive as to the rights of the parties until corrected by direct proceedings. Frasier v. Frasier, 87 Idaho 510, 394 P.2d 294 (1964).

■ evidence although conflicting, supports the finding that respondent was a *bona fide* purchaser for value. Even if respondent knew that appellants claimed the land, the evidence shows that he diligently searched the records and that he could not have discovered any basis for their asserted claim. The evidence discloses that a diligent search of the county records would not have brought to light the alleged defects in title upon which

2. The trial court appointed commissioners to partition the land pursuant to a stipulation of the parties, based on an assumption that respondent had five-sixths (⅚) interest in allotment 36 and one-half (½) interest in allotment 37. The commissioners submitted their report and recommendation based on that assumption and that the appellants were entitled to the remaining interests in the two allotments. The court by its decree adopted this report. No one is questioning the fairness of the partition, if respondent is the owner of the interests asserted.

appellants now base their claim. Records of the Interior Department are not and were not recorded in Boundary County. The only recorded documentary evidence of title was the Parnapa trust patents issued and the subsequent patents issued. Respondent obtained a tract index from the North Idaho Indian Agency in October, 1963, but that disclosed no defects in title. For at least ten years the rentals from the premises had been disbursed among the respective parties according to the interests as claimed by respondent and as found to exist by the court below. Respondent testified that he did not know appellants were claiming an error in the heirship determination by the Interior Department until he received on November 7, 1963, their amendment to their answer and cross-complaint. The amount of consideration respondent paid for the quit claim deed indicates that he was paying for clear title, not a disputed claim.

■ For the proposition that even if the patents by which Sophie David claimed ownership had been voidable by appellants in appropriate proceedings, respondent's rights as a *bona fide* purchaser have terminated any such rights to set the patents aside, see: (1) 42 C.J.S. Indians § 60, p. 753; Bisek v. Bellanger, 5 F.2d 994 (D.C. Minn.1925); United States v. Debell, 227 F. 760, 763, 142 CCA 284 (8th Cir. 1915) wherein it was held that the title of a bona fide purchaser of land from an Indian who

had received a patent was superior to the equitable claim of the United States to avoid the patent for fraud or error in the issuance of the patent. (2) 73 C.J.S. Public Lands § 229, p. 875; 42 Am.Jur. 844, Public Lands § 67. United States v. Peterson, 34 F.2d 245, 249 (10th Cir. 1929), which held a bona fide purchaser of land title being based on a patent, is protected against one who before purchase had the right to avoid the patent for error or fraud in its issuance; (3) Pleasant v. Johnson, Tex.Civ.App., 367 S.W.2d 173 (1963); Petta v. Host (1953) 1 Ill.2d 293, 115 N.E.2d 881, 39 A.L.R.2d 1072, wherein it was held that the bona fide purchaser from an apparent owner who had received title through a testamentary disposition is protected against persons who actually had the right to inherit the land, if the heirs' claim to the land was unknown and not discoverable by reasonably prudent means, at the time of purchase. (4) 54 Am.Jur. 209, 211, Trusts § 266, notes 13 and 2; Firato v. Tuttle, 48 Cal.2d 136, 308 P.2d 333, 335 (1957), which held that if a trustee with legal title and apparent authority to convey, conveys realty, a bona fide purchaser is protected and receives good title, even though the trustee erroneously exceeded his authority or breached his trust by so conveying.

No error appears in the trial court's determination that respondent had good title to the interests in the two allotments, and the partition based on this determination,

not being challenged, the judgment of the trial court is affirmed.

Costs to respondent.

McQUADE, C. J., TAYLOR and SMITH, JJ., and FELTON, District Judge, concur.