708 P.2d 893

**Larry L. RALLS and Marilyn K. Ralls, husband and wife, Plaintiffs-Respondents,**

v.

**Ileda FOURAKER, a widow, Defendant-Appellant,**

**and**

**Gerald Fouraker and Belinda Fouraker, husband and wife; Lee Nau, an individual; and all other parties claiming an interest in or to certain property (description omitted), Defendants.**

**No. 15607.**

Supreme Court of Idaho.

Oct. 15, 1985.

Thomas H. Borresen of Snyder & Borresen, Chartered, Boise, for defendant-appellant.

David E. Kerrick of Alexanderson, Davis, Rainey, Whitney & Kerrick, Caldwell, for plaintiffs-respondents.

SHEPARD, Justice.

This is an appeal from a judgment quieting title to certain real property in plaintiffs-respondents Ralls. Defendant-appellant, Ileda Fouraker, in fraud of creditors, deeded the property in question to her son Gerald, who in turn deeded the property to the Ralls. Both Ileda Fouraker and her son Gerald filed in bankruptcy and it is claimed that the title to the property was thereby cleansed and confirmed in Ileda Fouraker, as a bona fide purchaser. We disagree and affirm the district court.

In 1969, appellant Ileda Fouraker and her husband acquired property consisting of a house and adjoining pasture. Only the pasture land is at issue here. In 1978, one Galen Gates filed action against appellant Fouraker for damages of approximately $12,000, resulting from an automobile accident in which Fouraker's automobile, driven by her son, was involved. Appellant quitclaimed the real property consisting of her house and the adjoining pasture land to her son, Gerald Fouraker. A default was entered against appellant Fouraker in the Gates' civil action. Thereafter, on March 29, 1979, appellant executed and delivered

a warranty deed for the property to Gerald Fouraker.

In October 1979, Gerald Fouraker negotiated with the Ralls for the purchase of their business, Idaho Pest and Tree Service. During these negotiations, the Ralls and Gerald Fouraker met with Ileda Fouraker and informed her that Gerald planned to mortgage the pasture land as collateral for his purchase price of the tree service. The purchase price of the Idaho Pest and Tree Service was $200,000. On October 19, 1979, Gerald Fouraker executed and placed in escrow a warranty deed naming the Ralls as grantee for the property in question here, which included only the pasture land.

On April 17, 1980, appellant Ileda Fouraker filed a voluntary bankruptcy petition under 11 U.S.C. §§ 701, et seq. (Chapter Seven bankruptcy). A trustee was appointed who filed an objection to the discharge of the bankrupt, contending that she had fraudulently conveyed the property here in question to Gerald Fouraker, without consideration. On June 16, 1980, the trustee requested the bankruptcy court to declare a fraudulent conveyance and return the property to the trustee. On August 5, the bankruptcy court entered a default judgment against Gerald Fouraker, ordering that all right, title and interest in the property be conveyed to the bankruptcy trustee, which was done.

In the meantime, Gerald Fouraker had failed to make monthly payments due under his sales contract with Ralls, pursuant to which contract he had agreed to purchase the Ralls' Idaho Pest and Tree Service. On May 19, 1981, the Ralls mailed to Gerald Fouraker a Notice of Intent to Declare Forfeiture of the sales contract, and on June 24, 1981, the Ralls executed and mailed to Gerald Fouraker their Declaration of Forfeiture of the sales contract. By the terms of that contract, Gerald Fouraker had thirty (30) days from the Declaration of Forfeiture to cure such default. The record does not indicate that Gerald Fouraker made any attempt to cure the default. On August 3, 1981, pursuant to the terms of the contract, the escrowholder delivered the warranty deed to the property in question here to the Ralls, who recorded it the same day.

On June 8, 1981, the trustee requested and the bankruptcy court granted an order of compromise, stating, "The trustee is hereby authorized and empowered to settle and compromise said controversy by selling the real property for the sum of $15,167.00 to Ileda Fouraker." A Trustee's Deed was executed the same date, which inexplicably conveyed the trustee's interest in the property to Gerald Fouraker. Gerald Fouraker promptly quitclaimed the property in question to Ileda Fouraker, and he also later executed a warranty deed for the property to Ileda Fouraker, who recorded the deed.

On July 24, 1981, Gerald Fouraker filed for voluntary bankruptcy. In that bankruptcy petition, the Ralls were listed as creditors for the moneys still owing under the contract for the sale of Idaho Pest and Tree Service. The land in question here was not listed by Gerald Fouraker in his bankruptcy schedule of assets. Since the land was not scheduled as an asset, and since the deed to the land had been executed by Gerald Fouraker and delivered to the escrowholder, from which the Ralls would shortly receive it, the Ralls believed that their only necessary interest in the bankruptcy proceeding was to recover the equipment of Idaho Pest and Tree Service. The Ralls therefore filed a petition in the bankruptcy, seeking to recover that equipment. During the bankruptcy action, an order was entered turning over to the Ralls what remained of that equipment. Gerald Fouraker was later discharged in bankruptcy.

In February 1983, the Ralls filed this quiet title action. (Gerald Fouraker has not appeared in the present action and default was entered against him.) Ileda Fouraker asserted that the Ralls' interest in the property had been discharged in Gerald Fouraker's bankruptcy; that the Ralls had waived any claim to the property by failing to litigate in the bankruptcy proceedings and were barred by res judicata and collat-

eral estoppel; and that Ileda Fouraker had superior title to the property because she had recorded her deed from Gerald Fouraker prior to the time of recording by the Ralls.

■ Much of the argument of appellant Ileda Fouraker is pointed at the Ralls' recordation of the deed to the property in question during the pendency of Gerald Fouraker's bankruptcy and allegedly in violation of the automatic bankruptcy stay provisions (*see* 11 U.S.C. § 362) (1978), albeit at the time such recordation, the Ralls had no knowledge of that bankruptcy proceeding. Even assuming for the sake of argument that such assertion is correct, it is of little avail to the appellant. The recordation of a deed only serves to place on constructive notice those who do not have actual notice of the interest of estate held by the grantees of the recorded deed. In the instant case, the evidence reveals, and the trial court held, that Ileda Fouraker had actual notice of the interest of Ralls in the property. Therefore, although the Ralls' recordation of their deed from Gerald Fouraker may have been a nullity, such does not affect the actual knowledge possessed by Ileda Fouraker of the Ralls' interest in the property.

Insofar as the Ileda Fouraker bankruptcy proceeding is concerned, there is no showing that the Ralls were notified of, had any interest in, or took any part as creditors or other claimants, in that proceeding. Although the bankruptcy court ruled that the conveyance of the property by Ileda Fouraker to Gerald Fouraker had been fraudulent and ordered a reconveyance from Gerald Fouraker to the bankruptcy trustee, there is no showing that Gerald Fouraker in any way placed the bankruptcy court on notice that he had previously conveyed the property to the Ralls as partial consideration for his purchase of the Idaho Pest and Tree Service. Further, there is no showing that Ileda Fouraker was ever discharged as a bankrupt. Rather, it is indicated only that the matter was "compromised," apparently by allowing Ileda Fouraker to deposit into the bankruptcy court a sum sufficient to pay off the only creditor of Ileda Fouraker, Galen Gates. Thereafter, since there were no remaining scheduled creditors, Ileda Fouraker had no scheduled liabilities from which to be discharged and since whatever interest Ileda Fouraker had in the property in question here need not be administered, a deed was ordered to issue from the trustee to Ileda Fouraker. Erroneously, however, the deed was issued to Gerald Fouraker.

It is asserted by appellant Ileda Fouraker that the bankruptcy proceedings recited above somehow cleansed her title to the property, and that when putative title finally found its way back into her hands, she then occupied the position of a bona fide purchaser for value. In effect, Ileda Fouraker asserts that when the bankruptcy court set aside the fraudulent conveyance from her to Gerald Fouraker, the trustee acquired the property with the rights and powers of a bona fide purchaser, and that therefore, when the property was released to her from the trustee, she in turn became a bona fide purchaser for value. We disagree.

As stated in *Viersen v. Boettcher*, 387 P.2d 133 (Okla.1963):

> "The trustee has no superior rights or greater interest in the property and occupies no greater position with respect thereto than the bankrupt .... The trustee takes the property, not as an innocent purchaser for value, without notice, but as the debtor had it at the time of bankruptcy, subject to all valid claims, liens, and equities."

■ It is fundamental in the law of property that, when an owner of property furnishes a second party with indicia of title and that second party purports to convey to an innocent third party purchaser for value, the original owner is estopped from asserting title to the property as against the third party bona fide purchaser. *Nixon v. Johnson*, 90 Idaho 239, 409 P.2d 405 (1965); *Boesiger v. Freer*, 85 Idaho 551, 381 P.2d 802 (1963). *See also Dissault v. Evans*, 74 Idaho 295, 261 P.2d 822 (1953);

*Fenton v. King Hill Irr. Dist.*, 67 Idaho 456, 186 P.2d 477 (1947); *Gordon v. Loer*, 57 Idaho 269, 65 P.2d 148 (1937). That doctrine is even stronger where, as here, the original owner was aware of and in effect participated in the fraud upon the innocent third party purchaser.

■ We hold that the trustee in the Ileda Fouraker bankruptcy received the property in question as if he stood in the shoes of Ileda Fouraker, and that his claim to the property, as hers, was subject to the claims, liens and equities held by the Ralls.

■ In short, the trustee acquired no better title to the property than that which the bankrupt Ileda Fouraker possessed, and when the property passed from the bankrupt estate ultimately to the hands of Ileda Fouraker, she in turn acquired no better title to the property. As also stated in *Viersen v. Boettcher, supra:*

" 'The rule "caveat emptor" prevails in bankruptcy sales, as in all judicial sales, unless special direction otherwise is made in the order of sale. Generally, unless the sale is specifically free from liens, only such rights, title and interests as the bankrupt held and owned at the time of his adjudication in bankruptcy, and as passed on to the trustee, are acquired, subject to any outstanding liens, charges or encumbrances valid and enforceable as against the trustee.'

" 'If the sale is not expressly ordered to be free and clear of liens, it is a sale subject to liens.' "

The sum of $15,167 paid by Ileda Fouraker to the trustee was in payment of the cost of administration and the amounts admittedly owing to Galen Gates, Ileda Fouraker's only scheduled judgment creditor. However, even assuming that such transaction was a "sale" to Ileda Fouraker, nevertheless, she took the property subject to the interest of Ralls, of which, as we stated above, she had clear notice.

■ Appellant Ileda Fouraker finally argues that, since she recorded the final deed to her from Gerald Fouraker, and since the Ralls' recordation of their deed is void since done in violation of the automatic bankruptcy stay, her claim to the property is superior to that of the Ralls.

As stated in *Farm Bureau Finance Company, Inc. v. Carney*, 100 Idaho 745, 747–748, 605 P.2d 509, 511–512 (1980):

"When a subsequent encumbrancer or purchaser [Ileda Fouraker] has actual knowledge of a prior interest [deed to Ralls], it makes no difference whether the prior interest was properly acknowledged and recorded. I.C. §§ 55–606, 55–812. A duly recorded interest is effective against prior unrecorded interests only where the recorded interest is taken for a valuable consideration and in good faith, *i.e.,* 'without knowledge, either actual or constructive, that unrecorded interests exist.' *Langroise v. Becker*, 96 Idaho 218, 220, 526 P.2d 178, 180 (1974); *Garmo v. Clanton*, 97 Idaho 696, 551 P.2d 1332 (1976)."

We note that, although the property in question was not listed as an asset in the Gerald Fouraker bankruptcy, it was part of his estate. *See* definition of "estate," 11 U.S.C. § 541(a). The bankruptcy court did not purport to make any order dealing with the property in question or with its title. Nonetheless, the Ralls' attempted recordation of valid title is arguably void. *See* 11 U.S.C. § 362 (1978), *supra*, and 11 U.S.C. § 544 (1978) (rights and powers of trustee). Upon issuance of our opinion in this case, respondents Ralls are free to record valid title to the property in the form of their quiet title judgment herein.

The judgment of the trial court quieting title in the Ralls is affirmed. Costs and attorney's fees to respondents on appeal.

DONALDSON, C.J., and BAKES, BISTLINE and HUNTLEY, JJ., concur.