### GROSPIAN et al. v. PAN AMERICAN REFINING CORPORATION.

No. 474.

District Court, S. D. Texas, Galveston Division.

Feb. 3, 1947.

454

Mandell & Wright, of Houston, Tex. (Arthur J. Mandell, of Houston, Tex.) for plaintiffs.

Armstrong, Cranford, Barker & Bedford, of Galveston, Tex., for defendant.

KENNERLY, District Judge.

This is a suit against Defendant Pan American Refining Corporation under the Fair Labor Standards Act of 1938, Sections 201 et seq., Title 29 U.S.C.A., by A. F. Grospian and two others, who describe themselves as officials and members of Oil Workers International Union Local No. 449, and who sue as agents and representatives of a large number of persons whose names are set forth in an Exhibit attached to the Complaint and who it is claimed are or were employees of Defendant. It is what is usually referred to as a "Portal to Portal" suit and presumably stems from Anderson et al. v. Mt. Clemens Pottery Company, 66 S.Ct. 1187. They allege that such employees are entitled to recover for overtime from October 24, 1938, to the time of filing the suit (December 26, 1946), sums of money aggregating $3,500,000. There are attached to the Complaint seven Interrogatories, which Plaintiffs call upon Defendant to answer.

1:—Defendant has filed a number of Motions with respect to such Interrogatories, all of which, together with the Interrogatories, are disposed of by Stipulation filed by the parties withdrawing such Interrogatories and such Motions.

2:—Defendant has filed two other Motions, which are considered together. These are a Motion to Strike and a Motion to Dismiss that part of the Complaint which shows and sets forth overtime accruing prior to December 26, 1944. The claim is that recovery for such overtime is barred under the Texas Two-Year Statute of Limitation.[1]

---

[1] Article 5526, Vernon's Civil Statutes of Texas.

The law is well settled in this Circuit and in this District that any recovery for overtime which accrued prior to two years (December 26, 1944) before the filing of this suit (December 26, 1946) is barred by the Texas Two-Year Statute of Limitation. Loggins et al. v. Steel Construction Co., 5 Cir., 129 F.2d 118; Klotz v. Ippolito, D.C., 40 F.Supp. 422; Duncan v. Montgomery & Ward Co., D.C., 42 F.Supp. 879; Owin v. Liquid Carbonic Corp., D.C., 42 F.Supp. 774; Corbett v. Schlumberger Well Surveying Corp., D.C., 43 F.Supp. 605.

It is equally clear that where, as here, it appears on the face of the Complaint that all or part of Plaintiffs' claim is barred by limitation, Defendant may raise the question by Motion. Gerard v. Mercer, D.C., 62 F.Supp. 28; Wright v. Bankers Service Corp., D.C., 39 F.Supp. 980.

Plaintiffs, in their Answer to Defendant's Motions, allege that some of the parties for whom the suit is brought were for a period of time in the military service of the United States and that the Statute of Limitations was tolled as to them during such period. And they say that the Motions should for that reason be denied and Plaintiffs allowed to file at a later date a list of such persons who were in the service and the period of such service. In the absence of an agreement of the parties to so proceed, the Rules of the Court must be followed and the Motions be sustained.

3:—Defendant has also filed a Motion under Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to require Plaintiffs to make a more definite statement, etc.

(a) As stated, the suit is brought by three persons who allege that the large number of persons for whom they act are employees of Defendant, and it is said:— "The employees for whom this action is brought (herein referred to as the 'Employees') have executed warrants of authority to plaintiffs. A copy of such Warrant of authority is set forth in Schedule A hereto annexed. The names of those employees who have executed such warrants in substantially similar form are set forth in Schedule B hereto annexed. Both of such annexed Schedules A and B are hereby made a part hereof." There is no Schedule A attached to the Complaint.

Defendant says in its Motion (Paragraph 1) that this is too indefinite. While under Section 216(b) of Title 29 U.S.C.A. such three persons may maintain the suit as agent or representative of such employees, they must set forth in their Complaint their authority so to do.

(b) Paragraph III(d) of the Complaint is as follows:—"Defendant has, and at all times mentioned herein had, scheduled for each of the employees starting times and quitting times. The employees are, and at all times mentioned herein have been, required by defendant to be at their respective places of work at such starting times and to remain at work until such quitting times. To comply with these requirements of defendant, it is, and at all times mentioned therein was, necessary for the employees to arrive at the premises of defendant and to remain thereon substantial periods of time before their scheduled starting times and after their scheduled quitting times."

Defendant in its Motion (Paragraph 2) says that Plaintiffs should allege what is meant by "substantial periods of time." The term "substantial periods of time" may mean much or little time. I think Plaintiffs should be required to set forth in minutes or hours the approximate time which it is claimed it was necessary for such employees to be on Defendant's premises before "starting time" and "quitting time."

(c) Paragraphs III(f) and III(g) of Plaintiffs' Complaint are as follows:—

"The employees are, and at all times mentioned herein were, required to proceed to their respective places of work and, because of the nature of their work, to change into work-clothes and/or protective clothing, to obtain equipment and to make other necessary preparations for work, all of which must be done prior to the scheduled starting times.

"At the end of the workday the employees are, and at all times mentioned herein were, required to proceed from their

respective places of work, to remove their work-clothes and/or protective clothing and equipment, to return same to its place of overnight storage, and, because of the nature of their work, to cleanse themselves and their bodies before donning their street clothes and leaving defendant's premises, all of which must be done subsequent to the schedules quitting times."

Defendant in its Motion (Paragraphs 3 and 4) says that Plaintiffs should allege the character of the clothes or clothing mentioned. The Motion of Defendant is in that respect without merit.

■ (d) Defendant in Paragraph 5 of its Motion says:—"That the plaintiffs be required and ordered to make a more definite and detailed statement as to substantial periods of time consumed in proceeding to places of work and changing into work and/or protective clothing and obtaining equipment and making other necessary preparations for work, in such detail as to show walking time in proceeding to and from work, time changing into and removing work and/or protective clothing and time consumed in obtaining equipment and making other necessary preparations for work, as alleged in Paragraph III(d), (f) and (g), for the reason that the allegations of said Paragraph III(d), (f) and (g) are not sufficiently definite and certain to enable the defendant to prepare its case for trial and to answer herein, or to put it upon notice of the things and matters expected to be proved by plaintiffs under the allegations of Paragraph III(d), (f) and (g)."

I think Plaintiffs should be required to set forth the approximate time in minutes and hours consumed by such employees in each thing done before "starting time" and after "quitting time," like walking to and from work, changing clothing, obtaining or putting away equipment, etc.

■ (e) Paragraphs III(h) and III(i) of Plaintiffs' Complaint are as follows:—

"During their lunch periods the employees are, and at all times mentioned herein were, required to engage in similar activities in order to comply with requirements of defendant.

"In order to be at their respective places of work at the scheduled starting times and to remain there until the termination of their established work-day, the employees are, and at all times mentioned herein were, required each day to pursue other and different activities on the defendant's premises both preliminary to and subsequent to the scheduled times for beginning and finishing work."

Defendant in Paragraphs 6 and 7 of its Motion asks that Plaintiffs be required to set forth what is meant by "similar activities" and "other and different activities."

It seems clear that "similar activities" refer to the activities mentioned in previous Paragraphs of the Complaint, but I think Defendant is entitled to have Plaintiffs set forth what is meant by "other and different activities."

It follows that Defendant's Motion to Dismiss and Motion to Strike should be and same are granted. And that Paragraphs 1, 2, 5 and 7 of Defendant's Motion for More Definite Statement should be and are granted. And that Paragraphs 3, 4, and 6 of Defendant's Motion for More Definite Statement should be and are denied.