SINCLAIR et al. v. UNITED STATES GYPSUM CO.

Civil Action No. 3370.

District Court, W. D. New York.

Jan. 27, 1948.

440

William L. Clay, of Rochester, N. Y., for plaintiffs.

Scott, MacLeish & Falk, of Chicago, Ill., and Nixon, Hargrave, Middleton & Devans, of Rochester, N. Y. (Harold D. Burgess and Arlindo S. Cate, both of Chicago, Ill., and Casper V. Baltensperger, of Rochester, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

This suit is what has become to be known as a "Portal-to-Portal" suit, purporting to have been brought under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The complaint was filed on January 20, 1947. Issue has not been joined.

The defendant moves for dismissal upon various grounds and for certain alternative relief, if the motion to dismiss is denied.

■ In so far as the right of the plaintiffs to maintain this action under the provisions of the Fair Labor Standards Act, as the pleading now stands, my decision in Holland v. General Motors Corporation, D.C., 1947, 75 F.Supp. 274, is applicable. In my opinion every point raised by plaintiffs in their able briefs have been answered in the Holland opinion. Maintaining the opinion there expressed, it would necessarily follow that a dismissal of this suit must be granted on grounds raised by the motion that the complaint fails to state a claim compensable under section 2 subdivs. (a) and (b) of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 252 (a, b), and that this court lacks jurisdiction under section 2(d) of said Portal Act, subject, however, to the right to the plaintiffs to amend to state a cause of action under said Portal Act.

■ However, various other grounds for dismissal are urged by the defendant which have not heretofore been considered by this court in comparable cases and which relate to the sufficiency of the pleadings apart from any question of the constitutionality of the Portal-to-Portal Act. These should be considered since plaintiffs, if they so desire, should be permitted to amend to meet the conditions of this decision in the respects herein directed. If an amended pleading meets the terms of this decision and, also, the requirements of the Portal-to-Portal Act, this must be met by an answer, if issue is to be joined. It is not sufficient to say that the complaint does not meet the provisions of the Portal-to-Portal Act and for that reason dismiss.

■ The complaint when examined in its entirety is indefinite and a motion under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, would lie. This is one of the grounds for this motion. But it is believed that the court should go further and point out some of the particulars in which it is indefinite and indicate respects in which it is not "a * * * plain statement of the grounds upon which the court's jurisdiction depends." Rule 8 of the Federal Rules of Civil Procedure.

The complaint contains only two named plaintiffs, Sinclair and Ralyea, as administratrix. Plaintiffs in their brief assert that there are only these two plaintiffs. The opening paragraph of the complaint contains the allegation that "The plaintiffs bring this action individually and for and on behalf of all employees of the defendant *similarly situated.*" (Italics by the court) No one has sought to intervene as a plaintiff. The plaintiffs seemingly have abandoned any interest in any employee "similarly situated." The clause quoted does not say "similarly interested with themselves." "Similarly interested" could and might normally be construed as applying only to the employees other than the plaintiffs. The pleading must be a "plain statement." Rule 8 (a) (2) The complaint repeatedly thereafter refers to "employees of the defendant." Nowhere does it specifically refer to the plaintiffs as among such "employees." At least there is not a plain statement.

Class actions have been defined as "hybrid," or "spurious" or "true class actions." The necessity for "class" actions has long been recognized. Moore's Federal Practice, Vol. 2, p. 2241. This suit as presented comes within none of the types of class actions mentioned, save it might be termed "spurious." Pentland v. Dravo Corporation, 3 Cir., 152 F.2d 851. Rule 23 of the Federal Rules of Civil Procedure says that a representative or class action can be brought "if persons constituting a class are so numerous as to make it impracticable to bring them all before the court." The purpose is apparent. No statement of the number of "employees" appears, save the plaintiffs are called such. Four, five or six "employees" could hardly be called "numerous" in number. There is

no showing of the consent of any employee "similarly situated" to the bringing of the action.

■ The complaint cannot be sustained on the theory that this is a joint action brought under Section 16 of the Fair Labor Standards Act, Sec. 216, 29 U.S.C.A., because if either plaintiff has a cause of action, each is a separate one. Such being the case, the jurisdiction of the court is not shown, because damages are claimed in the amount of only $6,000 for both plaintiffs. One claim may be in an amount less than $3,000.

■ Assuming Anderson et al. v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, is still the law, the complaint is deficient in that it does not state the particular nature of the activity or the time employed to bring the claimed activities beyond the scope of the "de minimis" rule as declared in that case. The complaint says that it was "necessary for the employees to arrive at the premises of the defendant and to remain thereon substantial periods of time before their scheduled starting times and after their scheduled quitting times." "Substantial" is enigmatical as there used. The word has various meanings and should be defined in the complaint. The term "substantial periods of time" may mean "much or little time." Grospian et al. v. Pan American Refining Corporation, D.C.S.D.Tex., 1947, 6 F.R.D. 453. Unless the time employed in the activities for which damages are claimed is shown, the courts may be employed needlessly in many long litigation cases and such has been shown to be the fact in several cases.

■ The Fair Labor Standards Act applies only to those "engaged in commerce" or "in the production of goods for commerce." It is not made clear that the plaintiffs, Sinclair or Homer Ralyea, the intestate of Martha Ralyea, were so engaged, or that the plaintiffs were employees of the defendant. Reference to "employees" of the defendant frequently appears, but there is nothing shown as including Sinclair and Ralyea. The mere inference, as drawn by the plaintiffs, that they are so included as made from the first paragraph of the complaint is insufficient. The requirements of the rules of procedure, to which reference has been made, clearly show that the paragraph is insufficient. General allegations of the engagement in commerce or in the production of goods for commerce are insufficient. Facts sufficient to show that must be alleged. The significance of this is that activities may be engaged in by employees of employers engaged in interstate commerce which do not come within the provisions of the Fair Labor Standards Act. McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed 1538.

■ The complaint states that the activities for which recovery is sought date from October 23, 1938, to the present time. Plaintiffs concede that the six year period of limitations of the State of New York applies but question this as being a ground for dismissal. Where a complaint shows on its face that a cause of action is barred by a statute of limitations, a motion to dismiss on this ground is proper. Rule 8 (c); Wilson v. Shores–Mueller Co., D.C., 40 F.Supp. 729; Wright v. Bankers Service Corporation, et al., D.C., 39 F.Supp. 980; Gerard v. Mercer, D.C., 62 F.Supp. 28.

■ There is no basis for the claim made that this is a common law action. It is definitely statutory and must have been so conceived by plaintiffs. No claim is made that any agreement between the parties was made for payment for the overtime employed in any of the asserted activities. The basis for any such claim must be found if anywhere in an implication from the statute. Anderson v. Mt. Clemens settled that.

The complaint must be dismissed, with the right, however, to the plaintiffs to amend, within 20 days after service of an Order on this motion.

It is unnecessary to consider the interrogatories propounded by the plaintiffs because these must fall with the dismissal of the complaint.